## 33508. BERRYHILL v. RICKETTS.

PER CURIAM.

The appellant, Michael Gene Berryhill, was convicted of felony murder[1] and armed robbery in the Bartow Superior Court. He received the death sentence for the murder conviction and a life imprisonment sentence for the armed robbery conviction, all of which were affirmed in his direct appeal to this court in *Berryhill v. State,* 235 Ga. 549 (221 SE2d 185) (1975). This is his habeas corpus appeal.

1. In enumeration of error 1, the appellant argues that he was deprived of due process of law and effective assistance of counsel because the trial court denied defense counsel's request to reserve his opening statement to the jury until conclusion of the state's case.

In his direct appeal the appellant also argued that the trial court erred in this ruling, but he did not specifically contend that the ruling rose to the level of a constitutional violation. This court held that directing the order in which counsel make their opening statement to the jury is a matter within the discretion of the trial court and that no abuse of discretion had been shown. *Berryhill v. State,* supra, 235 Ga., at pp. 550, 551. Practically implicit within a holding that the trial court did not abuse its discretion in making a certain ruling is the determination that this ruling did not deprive the

---

[1]The appellant was indicted for felony murder. Therefore, the conviction is necessarily one of felony murder. However, we do note that the evidence presented at trial would have authorized the jury in finding the appellant guilty of malice murder.

complaining party of a constitutional right. The appellant was not denied effective assistance of counsel or due process of law by the ruling of the trial court in this instance.

The decisions of the United States Supreme Court cited by the appellant in support of his position recognize the broad discretion invested in the trial court to control the order of proof and arguments of counsel. See Herring v. New York, 422 U. S. 853 (95 SC 2550, 45 LE2d 593) (1975); Wardius v. Oregon, 412 U. S. 470 (93 SC 2208, 37 LE2d 82) (1973).

2. In enumeration of error 2, the appellant argues that his constitutional right to assistance of counsel was violated by the admission into evidence of incriminating statements elicited from him by police during an interrogation without notice to his court-appointed counsel.

At trial the appellant objected to introduction into evidence of these statements on the ground that they were involuntary, but he did not contend that they were elicited from him in violation of his right to counsel. In the appellant's direct appeal, this court rejected the argument that when a prisoner is known by the police to be represented by counsel, anything he says to police in the absence of counsel is per se inadmissible, whether voluntary or not. *Berryhill v. State,* supra, 235 Ga. at 551.

At trial, the police officer to whom the complained of statements had been given testified that prior to questioning Berryhill he had given him his Miranda warnings and advised him that counsel had been appointed to represent him. It is undisputed that Berryhill did sign a waiver-of-counsel form.

At the habeas corpus hearing, Berryhill acknowledged that he had been given his Miranda warnings, that he did sign the waiver-of-counsel form, and that he had been informed at some point that counsel had been appointed to represent him. Berryhill further testified at the habeas hearing that he had asked to be allowed to consult with his attorney before talking to police. However, he did not make this latter assertion in his testimony at trial. At the habeas hearing, Berryhill claimed not to be able to remember his trial testimony

concerning this incident.

The judge presiding at the habeas corpus hearing found that Berryhill had very skillfully and adroitly answered the questions that would substantiate the claims made in his habeas corpus petition, and that he had forgotten the answers to questions that would refute the allegations in his habeas petition. The habeas corpus judge ruled adversely to Berryhill on his claimed violation of this constitutional right.

If Berryhill had asked to see his attorney prior to talking to police, any statements given to police prior to consultation with his attorney would, in the absence of a subsequent waiver, be inadmissible under Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). If, on the other hand, Berryhill voluntarily gave statements to police without his attorney present after being informed that the attorney had been appointed to represent him, the statements would be admissible because the accused would have waived his right to have the attorney present. See, e.g., Blackmon v. Blackedge, 541 F2d 1070 (1976 4th Cir.); United States v. James, 528 F2d 999, 1019 (1976 5th Cir.); United States v. Marchildon, 519 F2d 337 (1975 8th Cir.); United States v. Boston, 508 F2d 1171 (1974 2d Cir.).

From the evidence presented at the habeas hearing, the judge was authorized to find that Berryhill had been informed that an attorney had been appointed to represent him and that he then knowingly and voluntarily proceeded to give the statements admitted at trial in the absence of his attorney. The determination here of whether these statements were elicited from Berryhill in violation of his right to counsel is closely akin to a Jackson v. Denno determination as to the voluntariness of a confession. Factual and credibility determinations of this sort made by a trial judge must be accepted by the appellate court unless such determination is clearly erroneous. *Johnson v. State*, 233 Ga. 58 (209 SE2d 629) (1974).

We hold that the determination in favor of admissibility was not clearly erroneous under the facts of this case.

3. In enumeration of error 3, the appellant argues

that he was denied effective assistance of counsel due to his trial counsel's failure to adequately investigate the defense of insanity and present this defense to the jury.

The evidence at trial showed that the appellant had been sniffing glue since he was 13 years of age. The evidence also showed that he had been sniffing glue on the day he committed the crimes. The insanity defense which appellate counsel argues should have been more thoroughly pursued is that of organic brain disease brought on by the appellant's chronic glue sniffing.

One of the appellant's two trial counsel testified at the habeas corpus hearing. Trial counsel testified that he and the other attorney representing the appellant at trial had considered the defense of organic brain disease, but after discussing the subject with the company manufacturing the glue, a clinical psychologist, personnel employed by the State Crime Laboratory and the Communicable Disease Center, a microbiologist, and after reading medical periodicals, the defense was discarded by them as unrealistic. Trial counsel further testified that they had considered having the appellant examined by a neurosurgeon but decided against it because the results might prove negative, thereby strengthening the state's case. Appellate counsel maintain that trial counsel should have consulted with a psychiatrist or physician before making this decision, and they argue that trial counsel's failure to do this amounts to ineffective assistance of counsel.

This argument misconceives what the constitutional right to assistance of counsel guarantees the defendant in a criminal case. It ensures the defendant that his counsel will sufficiently investigate the facts of the case, adequately research the law, and then present the case in a competent and reasonably effective manner. See *Hawes v. State*, 240 Ga. 327 (1) (240 SE2d 833) (1977). The appellant's trial counsel did all of these things, and then in their reasoned judgment determined that, although it would be proper to assert the defense of insanity, assertion of the defense of organic brain disease due to the appellant's chronic glue sniffing was unrealistic and could prove disadvantageous to the defense. This was a matter of trial tactics and strategy left to the discretion of

trial counsel. *Reid v. State,* 235 Ga. 378 (219 SE2d 740) (1975). The fact that appellate counsel now disagree with that decision and would have handled the appellant's case differently does not require a finding that trial counsel's representation of him was so inadequate as to amount to ineffective assistance of counsel. *Estes v. Perkins,* 225 Ga. 268 (1) (167 SE2d 588) (1969). This enumeration of error is without merit.

4. In enumeration of error 4, the appellant argues that the death penalty must be set aside, since the instructions to the jury during the sentencing stage of the trial were in violation of *Hawes v. State,* supra, 240 Ga., at 336. We review this claim in habeas corpus proceedings in the absence of an objection to the charge or a request for a different charge at trial. *Stephens v. Hopper,* 241 Ga. 596 (1978).

A majority of this court has recently held in *Spivey v. State,* 241 Ga. 477 (246 SE2d 288) (1978), that "in considering the adequacy of a jury charge on the sentencing phase of [a death penalty trial], the ultimate test is whether a reasonable juror, considering the charge as a whole, would know that he should consider all the facts and circumstances of the case as presented during both phases of the trial (which necessarily include any mitigating and aggravating facts), and then, even though he might find one or more of the statutory aggravating circumstances to exist, would know that he might recommend life imprisonment." We have reviewed the charge to the jury during the presentence hearing in the trial of this case, and we find it to be in compliance with the test set out in *Spivey.* This enumeration of error is without merit.

5. In the final enumeration of error, the appellant correctly argues that his life sentence for armed robbery must be set aside as a lesser included offense of felony murder. Code Ann. § 26-506 (a) (Ga. L. 1968, pp. 1249, 1267); *Atkins v. Hopper,* 234 Ga. 330 (3) (216 SE2d 89) (1975).

The case is remanded to the habeas corpus court. That court is ordered to remand the case to the trial court with the direction that the trial court vacate the appellant's armed robbery conviction and sentence.

*Judgment affirmed as to murder conviction and murder sentence, reversed as to armed robbery conviction and armed robbery sentence, and remanded with direction. All the Justices concur, except Hall, Hill and Marshall, JJ., who dissent as to Division 4 and the affirmance of the death sentence.*

ARGUED MAY 8, 1978 — DECIDED SEPTEMBER 28, 1978 — REHEARING DENIED OCTOBER 30, 1978.

*James C. Bonner, Jr., Albert M. Pearson,* for appellant.
*Charles Crawford, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.