A06A1685. JOHNSON v. THE STATE.
(641 SE2d 655)

BARNES, Chief Judge.

Carlos Johnson was found guilty of possession of cocaine and sentenced to seven years, to serve two in custody followed by five years of probation. His probation was conditioned on him spending the first 20 to 24 months in a probation detention center. Following the denial of his new trial motion, Johnson appeals his conviction, arguing that the evidence was insufficient and that his sentence should be set aside as invalid and unconstitutional. We find no error and affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in that light, the evidence reflects that a police officer observed a white Ford Taurus make an illegal U-turn. The officer, who was in plain clothes and an unmarked police car, radioed a nearby officer in a police cruiser and requested that he stop the Taurus. The second officer turned on his blue lights, and followed the Taurus into the parking lot of a grocery store. As he followed the car, he saw a hand emerge from the passenger window and throw an item onto the ground. The officer testified that "[i]t appeared to be a small plastic bag with something inside of it." He radioed the first officer, who was behind him, to stop and pick up the item. He continued following the car until it stopped, and as he approached the vehicle, the passenger door opened and a plastic bag with white residue fell to the ground. Johnson was identified as the passenger, but denied throwing anything out of the window. The officers found $4,110 on Johnson when he was searched. Police recovered the discarded bags, and the substance in the two bags tested positive for cocaine and weighed 1.79 grams.

During his detention and at trial Johnson denied throwing the bags out of the window. He maintained that the driver threw the bag

out of the window and the plastic bag containing cocaine residue that fell out of his side must have blown back in when the driver was attempting to throw it out. The driver testified that Johnson pulled the cocaine from his pocket and told the driver to swallow it, and he threw the cocaine back and told Johnson to swallow it. Johnson purportedly then threw the cocaine out of the window. The officer who saw the hand drop the bags testified that the hand came from the passenger window, and that it would have been impossible for the driver to reach over and drop the bags from the passenger window in that model of car.

Contrary to Johnson's arguments otherwise, this is not a case requiring a determination of whether he was in actual or constructive possession of the cocaine. While it is certainly true that mere spatial proximity to hidden cocaine is insufficient to establish constructive possession beyond a reasonable doubt, see *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997), here the officer observed a hand emerge from the passenger window and toss the bags of cocaine out. The evidence showed that it would have been physically impossible for the driver to do so while driving the car. Johnson was in the passenger seat and no other person was in the car.

Moreover, as witness credibility is the jury's province, we find that a rational trier of fact could have found Johnson guilty of possession of cocaine for which he was convicted. See *Jackson v. Virginia*, supra.

2. Johnson argues that his sentence, which requires him to serve two years in prison followed by five years of probation, conditioned on him first serving twenty to twenty-four months in a probation detention center, is invalid and unconstitutional because he must serve it in installments. We do not agree.

A sentence is served in installments when a defendant is released from prison and then incarcerated again at a later date to continue serving the same sentence, which violates the Fourteenth Amendment. *Derrer v. Anthony*, 265 Ga. 892, 895-896 (4) (463 SE2d 690) (1995). In *Derrer*, for example, the defendant was mistakenly released from prison in 1987 after serving only 12 days of a theft sentence. He was subsequently arrested in 1994 on an outstanding warrant regarding the theft sentence and was returned to prison to serve the rest of it. The court held that "a defendant may not be required to serve a sentence of confinement in installments where his premature release was brought about through no fault of his own, and where reincarceration would be inconsistent with fundamental principles of liberty and justice." (Citation and punctuation omitted.) Id. at 896. That is not the situation here.

OCGA § 42-8-35.4 sets out the circumstances under which a defendant may be confined in a probation detention center. In pertinent part, this Code section provides that:

> (a) In addition to any other terms and conditions of probation provided for in this article, the trial judge may require that a defendant convicted of a felony and sentenced to a period of not less than one year on probation . . . complete satisfactorily, as a condition of that probation, a program of confinement in a probation detention center. Probationers so sentenced will be required to serve a period of confinement as specified in the court order, which confinement period shall be computed from the date of initial confinement in the probation detention center.

. . .

Thus, under this Code section, our courts can order the confinement of a defendant in a probation detention center if he was convicted of a felony and sentenced to a period of at least one year on probation. Johnson's sentence meets that requirement because it included five years of probation, with the condition that twenty to twenty-four months be served first in a probation detention center.

A trial court has broad discretion to decide the terms and conditions of probation. *Harrell v. State*, 253 Ga. App. 440, 441 (1) (559 SE2d 155) (2002). And in *Penaherrera v. State*, 211 Ga. App. 162 (438 SE2d 661) (1993), this court held that a trial court has the discretion to condition probation upon limited confinement in a detention or diversion center or in the defendant's own home. Such limited confinement does not constitute incarceration, which "refers to continuous and uninterrupted custody in a jail or penitentiary. [Cit.]" Id. at 163. Thus we find no merit to this enumeration.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 5, 2007.

*Alan D. Tucker*, for appellant.
*Stephen D. Kelley, District Attorney, Leslie K. DeVooght, Assistant District Attorney*, for appellee.