A07A1415. CLARK v. THE STATE.
(651 SE2d 106)

MILLER, Judge.

Timothy O'Neal Clark appeals a trial court order revoking his probation and ordering him to serve the remainder of the confinement portion of his sentence in prison. Clark claims that such revocation violates the separation of powers clause contained in the Georgia Constitution (see generally Ga. Const. of 1983, Art. I, Sec. II, Par. III) and that the revocation impermissibly changed his sentence by requiring him to serve it in installments. We disagree and affirm.

Viewed in the light most favorable to upholding the trial court's findings, the record shows that on October 11, 2005, Clark pled guilty to charges of family violence battery and violation of a temporary

---

protective order. He was sentenced to 24 months, including 12 months to serve in confinement. This sentence was to be served consecutively to the sentence he was then currently serving as a result of his conviction for a separate family violence battery against the same victim in August 2005. After having served only a small portion[1] of his sentence in confinement for the October 2005 conviction, Clark was erroneously released on September 7, 2006. Clark reported to a probation officer on September 12 and October 19, but he was arrested for yet another family violence battery in November 2006.[2]

Following a hearing, the trial court revoked Clark's probation for the remaining balance of his sentence. In calculating the term of confinement, the trial court gave Clark credit for the two months that he served on probation following his erroneous release and ordered him to serve twenty months in confinement.

1. Clark appeals, first claiming that the trial court's order violates the separation of powers clause contained in the Georgia Constitution, which provides that "[t]he legislative, judicial, and executive powers shall forever remain separate and distinct; and no person discharging the duties of one shall at the same time exercise the functions of either of the others except as herein provided." Ga. Const. of 1983, Art. I, Sec. II, Par. III.

Citing *Johns v. State*, 160 Ga. App. 535, 536 (287 SE2d 617) (1981), Clark alleges that when the sheriff "made a decision" to release him, his sentence became fully served, and that "[a]ny attempt by a court to impose its will over the Executive Department as to what constitutes service of a period of confinement would be a nullity and constitute an exercise of power granted exclusively to the Executive." (Citations omitted.) Id. The record is devoid, however, of any evidence showing that the sheriff "made a decision" to release Clark or that he was released as a result of a good-time allowance.

On the contrary, the record indicates that Clark's release resulted from an "administrative error," and the trial court explicitly

---

[1] The record indicates that Clark served "about two months" of his sentence in confinement for the October 2005 conviction. The State attached a document to its brief that indicated Clark's sentence on the August 2005 conviction was completed in August 2006, suggesting that Clark had actually served less than one month of his sentence for the October 2005 conviction when he was released on September 7, 2006. We note, however, that documents attached to an appellate brief, which have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court, will not be considered on appeal. Court of Appeals Rule 24 (g). Therefore, we rely solely upon the appellate record as it has been forwarded to this Court to decide the issue on appeal.

[2] While Clark claims that the record shows only that he was arrested for "a third offense," the transcript of the probation revocation hearing establishes that the arrest was for family violence battery.

found that a "good-time [allowance] is not an issue here." Given that there is no evidence of any Executive Department finding that Clark had fully served his sentence in confinement based on a good-time allowance or otherwise, the trial court did not violate the separation of powers doctrine by concluding that he had not done so. See *Derrer v. Anthony*, 265 Ga. 892, 896 (4) (463 SE2d 690) (1995) ("(a) convicted person will not be excused from serving his sentence merely because someone in a ministerial capacity makes a mistake with respect to its execution") (citation and punctuation omitted); compare *Hutchins v. State*, 243 Ga. App. 261, 262 (2) (533 SE2d 107) (2000) (finding that a judge may not impose probation on any time by which confinement is shortened due to good-time allowance).

2. Clark also claims that the trial court's revocation of his probation impermissibly changed his sentence because it required him to serve it in installments. We disagree.

"A sentence is served in installments when a defendant is released from prison and then incarcerated again at a later date to continue serving the same sentence, which violates the Fourteenth Amendment." (Citation omitted.) *Johnson v. State*, 283 Ga. App. 425, 426 (2) (641 SE2d 655) (2007). In *Derrer*, supra, 265 Ga. at 896 (4), the Supreme Court of Georgia held that a defendant may be excused from serving the remainder of his sentence following an erroneous release if

> the result [is] not . . . attributable to the defendant himself; the action of the authorities . . . amount[s] to more than simple neglect; and the situation brought about by defendant's release and his reincarceration [is] unequivocally inconsistent with fundamental principles of liberty and justice.

(Citation and punctuation omitted.) Id.

In *Derrer*, the defendant was mistakenly released from prison in 1987 after serving only 12 days of a theft sentence that was to expire in 1990. He was subsequently arrested in 1994 and was returned to prison to serve the rest of his sentence. Given that his sentence continued to run following his erroneous release, that there was no evidence he had violated the terms of his probation, and that the State had apparently not made any attempt to reacquire custody over him for a period of seven years, the Supreme Court determined that reincarceration would be "inconsistent with fundamental principles of liberty and justice." (Citation and punctuation omitted.) *Derrer*, supra, 265 Ga. at 896 (4).

Here, in contrast, Clark was at liberty for only two months before he committed yet another offense, and the trial court credited Clark

with those two months in calculating the expiration date for his term of confinement. As a result, the trial court did not err in revoking Clark's probation and requiring him to serve the remaining balance of his sentence in confinement.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 9, 2007.

*Scott W. DePlonty*, for appellant.
*Robert D. James, Jr., Solicitor-General, Alvera A. Wheeler, Assistant Solicitor-General*, for appellee.