A08A2236. McCLURE v. THE STATE.
(673 SE2d 856)

MIKELL, Judge.
Anthony McClure and Minnie McClure pled guilty to an accusation charging them with theft by taking of copper wire. After a

hearing, the trial court ordered the McClures, jointly and severally, to pay $6,470 as restitution to Flex Tec, the owner of the stolen wire. Minnie McClure appeals[1] the restitution order, challenging the fair market value used in determining the award and, in the alternative, contending that the trial court should have awarded restitution in an amount not exceeding $1,668. We reject both arguments and affirm the judgment of restitution.

"[T]he sufficiency of evidence to support an order of restitution should be measured by the civil standard of preponderance of the evidence."[2] Under OCGA § 17-14-9, "[t]he amount of restitution ordered shall not exceed the victim's damages."[3] For this purpose, "[d]etermination of the amount of damages must be based upon fair market value, which must be determined exactly."[4] On review of a restitution order, the appellate court has the duty of "reviewing [the] transcript to determine whether each party has met his or her specified burden and determining whether a restitution award was supported by the preponderance of the evidence."[5]

In two related enumerations of error, McClure challenges the trial court's calculation of fair market value of the stolen goods, arguing that the McClures stole only scrap copper, rather than the more valuable copper wire; and that the copper stolen should be valued at the amount paid for it by the company that purchased the stolen wire from the McClures. She urges this Court to vacate the trial court's restitution order and remand for a new evidentiary hearing; or, in the alternative, to reduce the restitution ordered to $1,668.

McClure's argument fails. The McClures conceded at the restitution hearing that they took a total of 990 pounds of copper material from Flex Tec and sold it to a business in Columbus called E. J. Knight Scrap Metal. At the restitution hearing, Charles Fitch, the president of Flex Tec, described Flex Tec as a company in the business of configuring wire with connectors and terminals to make finished assemblies referred to as "wire harnesses." Fitch testified that he was familiar with the costs of the supplies used by Flex Tec

---

[1] Both appellant and appellee have filed briefs which refer to Anthony McClure and Minnie McClure as appellants. However, because only Minnie McClure filed a Notice of Appeal, Anthony McClure is not a party to this appeal.

[2] (Citation and punctuation omitted.) *Barnes v. State*, 239 Ga. App. 495, 500 (2) (521 SE2d 425) (1999).

[3] See also OCGA § 17-14-2 (2) (for purposes of restitution, " '[d]amages' means all special damages which a victim could recover against an offender in a civil action . . . based on the same act . . . for which the offender is sentenced").

[4] (Citations omitted.) *Hawthorne v. State*, 285 Ga. App. 196, 197 (1) (648 SE2d 387) (2007).

[5] *McCart v. State*, 289 Ga. App. 830, 832 (1) (658 SE2d 465) (2008) (whole court decision).

in its business, and that he had expertise in the industry and in the buying and selling of copper wire products. He further testified that, according to inventories conducted by Flex Tec, 500 finished wire harnesses, containing 115 pounds of copper wire, were stolen by the McClures; and that the wire harnesses therefore constituted 115 of the 990 pounds of copper stolen by the McClures and sold to E. J. Knight. The 500 wire harnesses were part of Flex Tec's inventory available for sale at a price of $2.94 each, for a total fair market value of $1,470. As to the value of the remaining 875 pounds of copper stolen by the McClures (990 pounds total less the 115 pounds in the finished wire harnesses), Fitch testified that, based on invoices from vendors of copper wire dated at the time of the theft, the fair market value of 875 pounds of copper wire was $5,000. Thus, the total fair market value of the copper stolen by the McClures was $6,470. This is the amount the trial court ordered the McClures to pay in restitution.

McClure argues that the evidence showed that the copper stolen by the McClures was scrap copper with a lower fair market value than copper wire. She points to a statement submitted by Anthony McClure and attached to her brief. Under Rule 24 (g) of this Court, however, "[d]ocuments attached to an appellate brief, which have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court, shall not be considered on appeal."[6] Thus, we must "rely solely upon the appellate record as it has been forwarded to this Court to decide the issue on appeal."[7]

At the restitution hearing, Fitch testified that copper scrap was not ordinarily stored at the Flex Tec location; instead, it was usually moved to the headquarters location and thence to a reclamation facility. Thus, the trial court was authorized to conclude that the copper stolen from Flex Tec was copper wire. McClure's argument that the evidence did not show that the McClures took copper wire thus fails.

McClure further argues that the copper sold to the E. J. Knight company should be valued at the amount E. J. Knight paid the McClures for it, that is, $198.50. McClure has provided this Court with no citation to testimony in the record indicating that the McClures only received $198.50 for the stolen copper, nor has our review of the restitution hearing transcript revealed any such testimony. Even if such testimony had been adduced at the hearing, it would be irrelevant to the issue before us. It is the fair market

---

[6] Court of Appeals Rule 24 (g). See *Clark v. State*, 287 Ga. App. 176, 177, n. 1 (651 SE2d 106) (2007).

[7] *Clark*, supra.

value of the copper when the McClures stole it, not when they presented it for sale to E. J. Knight, that is the proper subject of the restitution order. Under the preponderance of the evidence standard, the trial court did not abuse its discretion in concluding that the fair market value of the stolen copper was $6,470 and in issuing a restitution order in that amount.[8]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

## DECIDED JANUARY 7, 2009.

*Samuel G. Merritt*, for appellant.

*Cecilia M. Cooper, District Attorney, Robert H. Reeves, Assistant District Attorney*, for appellee.

---

[8] See *McCart*, supra at 833 (2).