23743. GRIMES, Sheriff v. STEWART.

MOBLEY, Justice. This is an appeal by the Sheriff of Fulton County from a judgment granting the writ of habeas corpus and ordering release of the petitioner, who was a prisoner serving a misdemeanor sentence of 12 months in the Fulton County jail.

The trial court sentenced the prisoner to serve 12 months in the Fulton County Jail, or such other places of confinement as provided by Fulton County. He was assigned to Fulton County jail in custody of the sheriff. The sentence of the court contained the provision: "The 'good-time' to which said defendant is entitled, under the terms of this sentence is four days per month." This provision of the sentence is invalid, null and void, as the judge has no authority to say what good-time or extra good-time allowance a prisoner shall be given, as the law vests that authority in the Board of Corrections for prisoners under its jurisdiction (*Code Ann.* § 77-320; Ga. L. 1956, pp. 161, 178; 1961, pp. 127, 128; 1964, pp. 495, 496), and as to misdemeanor prisoners sentenced to serve in the county, in the custodian of the prisoners. *Code Ann.* § 77-201 (Ga. L. 1964, p. 493).

In the instant case the law imposes the duty upon the sheriff, as the custodian of the prisoner, to make the computation of good-time allowances to which the prisoner is entitled. *Code Ann.* § 77-201. By this is meant that he shall compute the statutory good-time allowance and the allowance for extra good time fixed by the board of corrections (*Code Ann.* § 77-320), and make a determination whether the prisoner has earned by his good behavior or extra good behavior an allowance for same, and if so give him credit therefor, deduct that from his sentence, and when he has completed service of his sentence release him.

The sheriff in the instant case has made no computation or determination that the prisoner's conduct has been such that he is entitled to the statutory good-time allowance or an allowance for extra good time. Thus, under this record the prisoner not having served his sentence of twelve months, the trial judge erred in granting the writ of habeas corpus and releasing the prisoner.

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 12, 1966—DECIDED NOVEMBER 16, 1966.

*William E. Spence, Hinson McAuliffe, Frank A. Bowers,* for appellant.