## 62879. JOHNS v. THE STATE.

QUILLIAN, Chief Judge.

On November 20, 1980, the appellant Vernon Johns, entered pleas of guilty to a four-count indictment charging burglary, entering an automobile with intent to commit theft, and forgery of two checks. He was sentenced to 10 years each on Counts 1, 3, and 4, and to 5 years on Count 2. On each count he was sentenced to serve two years in the penitentiary and eight years on probation. However, in the "Order of Probation" the court inserted an additional proviso, e.g. ". . .if the defendant should be released from incarceration before the first two entire years expire, he will immediately upon release from confinement, report to the Probation Department of this county, which is located at 801 Grove Avenue, Waycross, Georgia, and will serve the balance of the first two years on probation under the same terms and conditions as provided for" in the third through the tenth years of probation of the sentence.

Johns' confinement began November 20, 1980 and he was released from prison on March 27, 1981 and placed on probation. On April 23, 1981, his probation officer filed a petition alleging he had violated conditions of his probation. Following a hearing, the trial court ordered appellant's probation revoked and directed that he serve ten years of confinement, except that he "be given credit for time served in prison and on probation which began on November 20, 1980." This appeal was taken from that order. Johns contends the court erred in refusing to give him credit for earned time allowances in prison. *Held:*

The Georgia Constitution of 1976 provides "[t]he legislative, judicial, and executive powers shall forever remain separate and distinct, and no person discharging the duties of one, shall, at the same time, exercise the functions of either of the others, except as herein provided." Code Ann. § 2-204 (Art. I, Sec. II, Par. IV).

The Constitution provides for a State Board of Pardons and Paroles (Code Ann. § 2-2001), a Board of Offender Rehabilitation and Board of Corrections (Code Ann. § 2-2101), and grants to these Boards of the Executive Department the "power to grant reprieves, pardons and paroles, to commute penalties, remove disabilities imposed by law, and may remit any part of a sentence for any offense against the State" with certain exceptions not pertinent here. Code Ann. § 27-2701 (Art. V., Sec. II, Par. II). The department of offender rehabilitation is authorized to formulate rules providing for the earning of "good-time" in addition to statutory "earned time" authorized by Code Ann. § 77-320.1 (Ga. L. 1976, pp. 949, 950; 1980,

pp. 2002, 2003). This latter statute directs that "[a] prisoner shall be released at the expiration of his term of sentence less the time earned as earned time allowance." Code Ann. § 77-320.1 (c).

Trial courts of this state, having original criminal jurisdiction — with certain exceptions, are authorized to impose probation as a part of a sentence. Code Ann. § 27-2709 (Ga. L. 1956, pp. 27, 31; as amended through 1980, pp. 1136, 1137); Code Ann. § 27-2502 (Ga. L. 1974, pp. 352, 354; 1981, p. 1024).

We find fault with the sentence of the court for two reasons. First, the trial court pronounced its sentence and signed the judgment requiring the appellant to serve two years in the penitentiary and eight years on probation. The order of probation was inconsistent with the adjudged sentence as it imposed two years confinement, eight years probation, and additional probation for any period of time not actually served in confinement during the initial two years. "The rule has been laid down by [the Supreme Court] that sentences for criminal offenses 'should be certain, definite, and free from ambiguity; and where the contrary is the case, the benefit of the doubt should be given to the accused.' " *Cross v. Huff,* 208 Ga. 392, 396 (67 SE2d 124). The pronounced and promulgated sentences of the court are inconsistent — hence not certain, definite or free from ambiguity, and the defendant should be given the benefit of the doubt.

Secondly, after the court pronounced sentence and entered judgment, at that point our Constitution required the sentence to be computed in accordance with regulations of the Boards of the Executive Department, and such statutes as are promulgated by the Legislature. However, the trial court's order of probation required the sentence to be computed in a manner inconsistent with such regulations and statutes.

Executive Department personnel were authorized to compute "good time" and "earned time" and the Legislature has directed that the "prisoner shall be released at the expiration of his term of sentence less the time earned as earned time allowances." Code Ann. § 77-320.1. Hence, a sentence of confinement for a period of two years is fully served at the time the Executive Department releases the prisoner. Any attempt by a court to impose its will over the Executive Department as to what constitutes service of a period of confinement would be a nullity and constitute an exercise of power granted exclusively to the Executive. See *Neal v. State,* 104 Ga. 509, 511-512 (30 SE 858); *Buice v. Bryan,* 212 Ga. 508 (4) (93 SE2d 676).

In effect, the trial court is attempting to reserve the right to impose an additional sentence to probation if the Executive Department releases a prisoner in accordance with the power

conferred upon it by our Constitution. Further, the attempt to impose the additional probation at the early release date is contrary to the expressed intent of the Legislature that in computing a prisoner's release date it will be "less the time earned as earned time allowances." Code Ann. § 77-320.1.

If we were to sanction this type sentence, it would permit the trial court to forfeit "earned time" of a prisoner awarded by the Executive Department and nullify a legislative enactment on computation of a prisoner's release date. The trial court is directed to compute the remainder of sentence to be served in accordance with Code Ann. § 77-320.1, and "earned time" shall be included in such computation.

*Judgment reversed with direction. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 30, 1981.

*Douglas Gibson,* for appellant.
*C. Deen Strickland, District Attorney, Charles C. Grile, Assistant District Attorney,* for appellee.