73044, 73080. DAVIS v. THE STATE (two cases).

(353 SE2d 7)

POPE, Judge.

Appellant tendered a plea of guilty to two charges of driving under the influence of alcohol. The trial court sentenced appellant to a twelve-month jail term on each charge to be served concurrently. Further, the court ordered appellant to pay a fine of $1,000 on each charge. Finally, the court stated, "[A]s long as these fines have remained unpaid . . . you will not get credit for good time until those fines have been paid."

1. On appeal, appellant argues that the trial court lacked jurisdiction to order that "good-time credit" be withheld from him until the fines were paid. OCGA § 42-4-7 (b) (1) clearly states that "[t]he sheriff, chief jailer, warden, or other officer designated by the county as custodian of [county] inmates . . . shall award good-time allowances to such inmates based on institutional behavior." The legislature has vested broad authority in the custodians of county inmates to administer the jails. The custodians, not the courts, are charged with this administration. See OCGA § 42-4-1 et seq.; In re Irvin, 254 Ga. 251 (1) (328 SE2d 215) (1985). The good-time credit provisions of OCGA § 42-2-7 work toward the end of encouraging good behavior among inmates while incarcerated. Therefore, these provisions are directly related to the duties of administration, affirmatively delegated to the custodians of inmates by the legislature. The trial court was without jurisdiction to usurp this function. See Johns v. State, 160 Ga. App. 535 (287 SE2d 617) (1981). Accordingly, the sentences imposed in these cases are vacated, and these cases are remanded to the trial court for resentencing not inconsistent with this opinion.

2. Having determined that the trial court lacked jurisdiction to withhold good-time credit from appellant until the fines were paid, it is unnecessary for this court to reach the issue of whether or not the portion of the sentence withholding good-time credit violates the Eighth and Fourteenth Amendments of the United States Constitution.

Sentences vacated and cases remanded for resentencing. Mc-Murray, P. J., and Carley, J., concur.

DECIDED JANUARY 9, 1987.

Laurens C. Lee, for appellant.
Carl A. Veline, Jr., Solicitor, for appellee.