A92A2113. STEPHENS v. THE STATE.
(428 SE2d 661)

BIRDSONG, Presiding Judge.

Freddie L. Stephens appeals his judgment of conviction of violating the Georgia Controlled Substances Act (possession of cocaine) and obstruction of an officer, and his sentence. He enumerates two errors. *Held*:

1. Appellant asserts the trial court erred by restricting his cross-examination of the State's crime lab witness when it refused to allow

appellant to examine the witness regarding another crime lab scientist who testified at a hearing in another county in an unrelated case that a substance was cocaine when in fact it was soap. Appellant made a proffer of expected testimony outside the presence of the jury and argued that the incident "goes to the integrity . . . of the State Crime Lab," and that it was thus "fair game." The crime lab witness testified, during proffer, that he had "no personal knowledge" of the incident and all the information he possessed about it was "secondary information" which was told to him at a crime lab meeting conducted by his supervisor.

Appellant has a statutory right to a thorough and sifting cross-examination of the witnesses against him (OCGA § 24-9-64); however, this right is not without legitimate limitations (*Hayes v. State*, 193 Ga. App. 33, 34 (2) (387 SE2d 139)). The right of cross-examination is not abridged where examination is limited by the trial judge to relevant matters by proper questioning. *Timberlake v. State*, 200 Ga. App. 64, 66 (2) (406 SE2d 537); *Jennette v. State*, 197 Ga. App. 580 (2) (398 SE2d 734). Controlling the scope or extent of cross-examination is a matter resting within the sound discretion of the trial court (*Robinson v. State*, 258 Ga. 279, 281 (3) (368 SE2d 513)) and, in the absence of an abuse of discretion in controlling the scope or extent thereof, an appellate court will not interfere (*Walker v. State*, 198 Ga. App. 422, 423 (1) (401 SE2d 613)). The record does not establish that the trial court abused its discretion in this matter.

2. Appellant asserts the trial court erred by requiring him to waive his Fourth Amendment right as a condition of parole. The trial court sentenced appellant to thirty years as to the cocaine possession charge and five years (to run concurrently) as to the felony obstruction charge; appellant was not sentenced to probation. Over an objection that defendant could not, under these circumstances, be sentenced to forfeit Fourth Amendment rights, the trial court sentenced appellant, as a condition of any *parole*, to waive his Fourth Amendment rights to search and seizure. The trial court explained the effect of this condition as subjecting appellant to "be searched *at any place* [he] may be or have control of, possession or control . . . without a warrant and without probable cause." (Emphasis supplied.) (Thus, under these broad and unrestricted terms, law enforcement authorities could claim an unfettered right to search appellant's bedroom in the middle of the night for absolutely no reason at all, as a result of the parole condition imposed ostensibly as a legitimate part of appellant's sentence.)

Our search of statutory and case law reveals no express legal authority for the imposition of this type of parole condition by the trial judge as a part of an offender's sentence. Conversely, Art. I, Sec. II, Par. III of the Georgia Constitution of 1983 mandates that the legisla-

tive, judicial, and executive powers of the state shall forever remain separate and distinct; "and no person discharging the duties of one shall at the same time exercise the functions of either of the others except as herein provided." Additionally, Art. IV, Sec. II, Par. I of the Georgia Constitution establishes a State Board of Pardons and Paroles; and Art. IV, Sec. II, Par. II (a) thereof vests the board with the "power of executive clemency" including the power to grant reprieves, pardons, and paroles. In OCGA § 42-9-1, the General Assembly promulgated and declared its legislative policy regarding the executive character of the functions of the State Board of Pardons and Paroles, as follows: "In recognition of the doctrine contained in the Constitution of this state requiring the three branches of government to be separate, it is declared to be the policy of the General Assembly that the duties, powers, and functions of the State Board of Pardons and Paroles are executive in character and that, in the performance of its duties *under this chapter*, no other body is authorized to usurp or substitute its functions for the functions imposed by this chapter upon the board." (Emphasis supplied.)

In this regard, OCGA § 42-9-20 provides that among the board's general duties is included, inter alia, "the duty of determining which inmates serving sentences imposed by a court of this state may be released on pardon or parole and fixing the time and *conditions* thereof." (Emphasis supplied.) This statutory provision is implemented further by OCGA § 42-9-44 which provides, inter alia, for certain procedures to be followed in placing a person on parole, requires the board to adopt general rules concerning the terms and conditions of parole, and contains an illustrative listing of various parolee requirements which may be imposed by the board as a condition of parole. It thus appears that both the Constitution and the legislature have cloaked the State Board of Pardons and Paroles in a mantle of executive power regarding the terms and conditions of paroles. However, "[i]t must be conceded that separation of powers is not a rigid principle"; and " 'it is impossible to draw a mathematical line by which every action can be exactly classified . . . [as] there are some matters which do not inherently and essentially appertain to one department of government rather than to another.' " *Greer v. State of Ga.*, 233 Ga. 667, 668-669 (212 SE2d 836).

Nevertheless, giving due deference to the promulgated statutory policy of the General Assembly to preclude the usurpation of the executive functions of the board, and acting in an abundance of caution so as to follow the perceived judicial policy of our Supreme Court, we conclude that "[a]ny attempt by a court to impose its will over the Executive Department [by attempting to impose as a part of a criminal sentence conditions operating as a prerequisite of or becoming automatically effective in the event of a subsequent *parole* of defendant

by the State Board of Pardons and Parole] would be a nullity and constitute an exercise of power granted exclusively to the Executive." *Johns v. State*, 160 Ga. App. 535, 536 (287 SE2d 617); compare *Davis v. State*, 181 Ga. App. 498 (353 SE2d 7); *Morrison v. State*, 126 Ga. App. 1, 4 (4) (189 SE2d 864) (condition attached to sentence of one year without parole was beyond the authority of the jury; whether defendant would be paroled rested within the authority of the State Pardon and Parole Board).

Appellee has supported its argument with various case citations where a trial court during sentencing imposed conditions as to *probation*. These cases are not persuasive. The issue before us concerns the imposition during sentencing of conditions as to the future *parole* of a criminal defendant.

*Judgment of conviction affirmed; sentence vacated and remanded for resentencing. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 8, 1993.

*Summer & Summer, Daniel A. Summer*, for appellant.
*C. Andrew Fuller, District Attorney, John G. Wilbanks, Jr., Assistant District Attorney*, for appellee.

