## A99A2355. HUTCHINS v. THE STATE.
### (533 SE2d 107)

MILLER, Judge.

Having pled guilty to driving under the influence, James Hutchins was sentenced to 12 months in the county jail, "[p]rovided, that after the service of 180 days in confinement, the balance shall be probated." The sheriff awarded him 60 days credit for good time and released him following 120 days confinement. After serving probation for 185 days, Hutchins moved to have his sentence terminated, which the court denied on the ground that the 60 days of "good-time" credit had to be served on probation. The question on appeal is whether a sentence which orders a defendant to serve part of the sentence in jail with the balance probated can require that "good-time" credit resulting in an early release from confinement be served on probation. We hold it cannot and reverse.

1. The State's complaints about the imprecise wording of Hutchins' enumeration of error are without merit.[1] The enumeration adequately describes the ruling appealed.

2. *Johns v. State*[2] is dispositive. The defendant in *Johns* was sentenced to ten years (two to serve, eight on probation). The judge further ordered that any "good-time" credit be served on probation. Holding this was improper, *Johns* referred to former Code Ann. § 77-320.1 (c), which directed that a prisoner be released at the expiration of his sentence less the time earned as "earned time" allowance.[3] *Johns* explained that a sentence of confinement is fully served at the time the custodian releases the prisoner.[4] "Any attempt by a court to impose its will over the Executive Department as to what constitutes service of a period of confinement would be a nullity and constitute an exercise of power granted exclusively to the Executive. [Cits.]"[5] Beyond violating the Georgia Constitution, *Johns* held that imposing additional probation as a result of an early release date contravened the intent of the statutory language directing that "earned time" credit be deducted from a prisoner's sentence.[6]

---

[1] Cf. *Felix v. State*, 271 Ga. 534, 539-540 (523 SE2d 1) (1999).
[2] 160 Ga. App. 535 (287 SE2d 617) (1981).
[3] *Johns* used the terms "good time" and "earned time" interchangeably. Id. at 536.
[4] Id.
[5] Id.; see *Stephens v. State*, 207 Ga. App. 645, 647-648 (2) (428 SE2d 661) (1993).
[6] *Johns*, supra, 160 Ga. App. at 537; see *Davis v. State*, 181 Ga. App. 498 (1) (353 SE2d

OCGA § 42-4-7 (b) (3) employs almost identical language: "An inmate sentenced to confinement as a county inmate shall be released at the expiration of his or her sentence less the time deducted for good-time allowances."[7] Based on *Johns*, we hold that this language prohibits a judge from imposing probation on any time by which confinement is shortened due to good-time credit. The legal consequence of that credit is that the related portion of the original sentence has been served. Because our holding is based on this statute, the State's attempt to distinguish the separation of powers clause of the Georgia Constitution[8] is moot.

3. In the same ruling the court stated that the start date of the sentence was July 7, 1998. But since the State stipulated that as of October 10, 1998, Hutchins had served 120 days of the 180 days sentenced, the start date necessarily was no later than June 12, 1998. The period of confinement was served as of October 10, and the 185 days of lawful probation expired on April 13, 1999, the day before the filing of Hutchins' motion to terminate. Thus, the motion to terminate should have been granted.

*Judgment reversed. Pope, P. J., Blackburn, P. J., Ruffin and Eldridge, JJ., concur. Andrews, P. J., and Smith, J., dissent.*

SMITH, Judge, dissenting.

I respectfully dissent.

In my view, the majority inappropriately applies the decision of *Johns v. State*, 160 Ga. App. 535 (287 SE2d 617) (1981), for several reasons. First, *Johns* addressed multiple felony sentences to a term of years in the state penitentiary, followed by a term of probation. This court held that the prison sentence was fully served at the time of Johns's release by the department of offender rehabilitation under "good time" rules and that "[a]ny attempt by a court to impose its will over the Executive Department as to what constitutes service of a period of confinement would be a nullity and constitute an exercise of power granted exclusively to the Executive. [Cits.]" Id. at 536. In contrast, here we consider a relatively brief misdemeanor sentence to be served in the county jail, in which the trial court balances the need for confinement and the need for continued supervision by the court, with the assistance of the probation department. Because of the different considerations inherent in the administration of misdemeanor sentences through county jails and probation departments, applying

---

7) (1987) (court could not withhold good-time credit on grounds fines were unpaid).

[7] OCGA § 42-4-7 (b) (1) expressly authorizes a county sheriff to award good-time allowances based on institutional behavior.

[8] Cf. *Bldg. Auth. of Fulton County v. State of Ga.*, 253 Ga. 242, 247 (5) (321 SE2d 97) (1984) (separation of powers clause applies to state and not counties); see generally Ga. Const. of 1983, Art. I, Sec. II, Par. III.

*Johns* in this case could interfere significantly with the ability of trial courts in this state to fashion effective misdemeanor sentences.

Second, Johns was sentenced on each of three counts to "two years in the penitentiary and eight years on probation." *Johns*, supra at 535. In contrast, the trial court here sentenced Hutchins to "confinement for a period of 12 months in the Lowndes County Jail. . . . Provided, that after the service of 180 days in confinement, *the balance* shall be probated." (Emphasis supplied.) The distinction in the wording of these sentences is significant. Here, the trial court made a determination that Hutchins required the supervision of the trial court in some form for 12 months, and we should not interfere with that determination.

For these reasons, I respectfully dissent.

I am authorized to state that Presiding Judge Andrews joins in this dissent.

DECIDED MARCH 29, 2000 — 

*Closson, Bass & Tomberlin, J. Michael Bass,* for appellant.
*Richard W. Shelton, Solicitor,* for appellee.