A01A1268. SANFORD v. THE STATE.
(553 SE2d 854)

RUFFIN, Judge.
Randall W. Sanford pled guilty to driving under the influence, driving with a suspended license, and driving without proof of insurance. The trial court sentenced Sanford to 36 months and directed

---

that he serve 30 days in confinement with the remainder on probation. On December 22, 2000, after Sanford violated the terms of his probation, the trial court entered an order revoking the probation and requiring him to serve "180 days with credit for 24 days served/NO EARLY RELEASE." After the trial court denied Sanford's motion to delete the "no early release" provision from the sentence, we granted his application for discretionary appeal. For reasons that follow, we remand the case to the trial court to modify the sentence.

Georgia law authorizes the custodian of a county inmate to "award earned time allowances . . . based on institutional behavior" and requires that "[a]n inmate sentenced to confinement as a county inmate shall be released at the expiration of his or her sentence less the time deducted for earned time allowances."[1] We have ruled that "these provisions are directly related to the duties of administration, affirmatively delegated to the custodians of inmates by the legislature."[2] Likewise, our Supreme Court has ruled that a sentencing "judge has no authority to say what good-time or extra good-time allowance a prisoner shall be given, as the law vests that authority in the Board of Corrections for prisoners under its jurisdiction . . . and as to misdemeanor prisoners sentenced to serve in the county, in the custodian of the prisoners."[3]

When the trial court in this case denied Sanford's motion for sentence modification, it recognized that it had no authority to " 'impose its will over the Executive Department' " concerning an earned time allowance. The court insisted, however, that the "no early release" provision in the probation revocation order "was intended to be advisory to the sheriff," and it therefore denied Sanford's motion. While we will not dispute the trial court's intent, the plain language of its revocation order emphatically requires Sanford to serve his time with "NO EARLY RELEASE." Notwithstanding the trial court's intent, the order speaks for itself, and Sanford's "post-sentence custodian should not be asked to comply with an order of the trial court which is inconsistent with the law."[4] Accordingly, this matter is remanded to the trial court with direction to strike the "no early release" provision from the probation revocation order.

*Judgment of probation revocation reversed in part and remanded with direction. Johnson, P. J., and Ellington, J., concur.*

---

[1] OCGA § 42-4-7 (b) (1), (3) (Supp. 2001).

[2] *Davis v. State*, 181 Ga. App. 498 (1) (353 SE2d 7) (1987).

[3] *Grimes v. Stewart*, 222 Ga. 713 (152 SE2d 369) (1966). See also *Hutchins v. State*, 243 Ga. App. 261 (2) (533 SE2d 107) (2000); *Johns v. State*, 160 Ga. App. 535, 536-537 (287 SE2d 617) (1981).

[4] *Johnson v. State*, 248 Ga. App. 454, 456 (3) (546 SE2d 562) (2001).

DECIDED AUGUST 13, 2001.

*Paola F. Torselli*, for appellant.

*Gwendolyn R. Keyes, Solicitor-General, Amy R. Simon, Assistant Solicitor-General*, for appellee.