## A02A0179. WITHERS v. THE STATE.
(563 SE2d 912)

BLACKBURN, Chief Judge.

Following a jury trial, Roderick Lorenzo Withers appeals his conviction for two counts of aggravated stalking, contending that: (1) the evidence was insufficient to support the verdict; (2) character evidence was improperly admitted; and (3) the trial court erred by imposing parole conditions in its sentencing. For the reasons set forth below, we affirm Withers' conviction, and we remand the case for resentencing.

1. Withers contends that the evidence did not support his conviction. We disagree.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Withers] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the [standard] of *Jackson v. Virginia*,[1] the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that [Withers] was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

*Lowery v. State*.[2]

Viewed in this light, the record shows that, on the evening of August 17, 2000, Withers entered the home of his ex-girlfriend, Wendy Harris, without permission. Withers rushed into the kitchen, and he told Harris that he knew that Marvin Gates, her present boyfriend, was in the house. Withers then grabbed a knife and began waving it at Harris. When Harris picked up the phone to call for help, Withers knocked it out of her hand, and, in the ensuing struggle, Withers cut Harris' hand and fled.

Harris subsequently reported the incident to the police who came to her home to investigate. Sometime after the police left, Withers returned, opened the front door of the home, threatened Gates, and then left. Shortly thereafter, Withers called Harris and made more threats. Again, Harris called police to her home, and, after tracing Withers' phone call, the investigating officers located Withers and arrested him. It is undisputed that, on the date in question, Withers was on probation and, as a condition of probation, he was prohibited from having any contact with Harris.

This evidence amply supports Withers' conviction. *Jackson*, supra.

2. Withers contends that the trial court improperly allowed the State, in making out its case for aggravated stalking, to bring his character into evidence by referring to the fact that he was on probation and subject to a parole restriction of staying away from Harris. This contention is patently erroneous.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Lowery v. State*, 242 Ga. App. 375, 376 (530 SE2d 22) (2000).

OCGA § 16-5-91 (a) provides:

A person commits the offense of aggravated stalking when such person, in violation of a bond to keep the peace posted pursuant to Code Section 17-6-110, temporary restraining order, temporary protective order, permanent restraining order, permanent protective order, preliminary injunction, or permanent injunction or condition of pretrial release, condition of probation, or condition of parole in effect prohibiting the behavior described in this subsection, follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

In this case, the statutory definition of the crime, itself, required the State to present evidence that Withers had violated a condition of parole by contacting Harris. The trial court appropriately allowed the State to prove that Withers was on parole, that a condition of his parole was to stay away from Harris, and that Withers had violated this condition. The State did not discuss the underlying crime for which Withers had been paroled; rather, it limited its discussion to the condition only.

This conduct was proper. If we were to accept Withers' argument that introduction of the fact that he was on parole improperly placed his character in evidence, the aggravated stalking statute would be rendered a nullity. We will not apply the law in such an illogical manner.

3. Finally, Withers contends, and the State concedes, that the trial court erred by imposing restrictions upon his parole during sentencing.

Any attempt by a court to impose its will over the Executive Department [by attempting to impose as a part of a criminal sentence conditions operating as a prerequisite of or becoming automatically effective in the event of a subsequent parole of defendant by the State Board of Pardons & Paroles] would be a nullity and constitute an exercise of power granted exclusively to the Executive.

*Johns v. State*;[3] compare *Davis v. State*.[4] Accordingly, in this case, Withers' sentence is a nullity because the trial court attempted to impose a condition as to his future parole. We therefore vacate the

---

[3] *Johns v. State*, 160 Ga. App. 535, 536 (287 SE2d 617) (1981).
[4] *Davis v. State*, 181 Ga. App. 498 (353 SE2d 7) (1987).

sentence and remand the case for resentencing consistent with this opinion.

*Judgment of conviction affirmed. Sentence vacated and case remanded for resentencing. Johnson, P. J., and Miller, J., concur.*

DECIDED APRIL 10, 2002.

*David E. Webb, John R. Mobley II*, for appellant.

*Peter J. Skandalakis, District Attorney, Lynda S. Caldwell, Assistant District Attorney*, for appellee.