**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 5, 2019**

# In the Court of Appeals of Georgia

A18A1895. EVANS v. THE STATE.

MILLER, Presiding Judge.

Following a jury trial, Ronnie O. Evans was convicted of the misdemeanor offenses of driving under the influence – less safe (OCGA § 40-6-391 (a) (1)) and operating a motor vehicle with defective or no headlights (OCGA § 40-8-22).[1] The trial court sentenced Evans to consecutive terms of 12 months' imprisonment, for a total sentence of 24 months.[2] The trial court ordered that Evans serve the sentence "day-for-day" and "sit in jail for two years," and that if he were to be released from prison before the expiration of the 24-month term, he would be required to serve the

---

[1] The jury found Evans not guilty of hit and run (OCGA § 40-6-270), following too closely (OCGA § 40-6-49), and failure to maintain lane (OCGA § 40-6-48).

[2] The trial court also required Evans to pay a $1,000 fine.

remainder on probation. Evans appeals, arguing that these two conditions of his sentence are erroneous. We agree, and therefore, reverse and remand for resentencing without these conditions.

1. Evans argues, and the State concedes, that the trial court erred in requiring that he serve his sentence "day-for-day."

OCGA § 42-4-7 (b) (1) provides that the custodian of a county inmate is authorized to "award earned time allowances . . . based on institutional behavior," while OCGA § 42-4-7 (b) (3) provides that "[a]n inmate sentenced to confinement as a county inmate shall be released at the expiration of his or her sentence less the time deducted for earned time allowances." In *Sanford v. State*, 251 Ga. App. 190, 191 (533 SE2d 854) (2001), the trial court revoked the defendant's probation and ordered him to serve "180 days with credit for 24 days served/NO EARLY RELEASE." This Court held that the trial court's requirement of "no early release" was inconsistent with OCGA § 42-4-7 (b), and remanded for the trial court to strike this requirement from its judgment. Id. This Court explained:

> We have ruled that [OCGA § 42-4-7 (b) (1) & (3)] are directly related to the duties of administration, affirmatively delegated to the custodians of inmates by the legislature. Likewise, our Supreme Court has ruled that a sentencing judge has no authority to say what good-time or extra

2

good-time allowance a prisoner shall be given, as the law vests that authority in the Board of Corrections for prisoners under its jurisdiction and as to misdemeanor prisoners sentenced to serve in the county, in the custodian of the prisoners.

(Citations and punctuation omitted.) Id. See also *Grimes v. Stewart*, 222 Ga. 713 (152 SE2d 369) (1966) (trial court lacked authority to specify amount of good-time credit defendant would earn); *Davis v. State*, 181 Ga. App. 498 (1) (353 SE2d 7) (1987) (trial court lacked authority to order that good-time credit be withheld from defendant until his fines were paid).

Similarly, here the trial court's requirement that Evans serve his 24-month sentence "day-for-day" is erroneous because it usurps the authority of the custodian of a county inmate under OCGA § 42-4-7 (b) to grant earned-time allowances. Accordingly, we reverse Evans's sentence and remand so the trial court can strike the requirement that Evans serve his sentence "day-for-day."

Within this enumeration of error, Evans also claims that the trial court erred in sentencing him on his conviction for driving with defective or no headlights, and that he should be resentenced on this count. However, "[t]his claim is deemed abandoned because [Evans] does not support it with argument or citation to authority, and mere conclusory statements are not the type of meaningful argument contemplated by

3

Court of Appeals Rule 25 (a) (3)." (Citation and punctuation omitted.) *Percell v. State*, 346 Ga. App. 219, 226 (4) (c) (iii) (816 SE2d 344) (2018).

2. Evans also argues that under *Hutchins v. State*, 243 Ga. App. 261 (533 SE2d 107) (2000), the trial court erred in ordering him to be placed on probation if he were to be released before the end of his 24-month sentence. The State concedes the validity of this argument under *Hutchins*, but relies upon the dissent in *Hutchins* to claim that case was wrongly decided because the majority relied upon *Johns v. State*, 160 Ga. App. 535 (287 SE2d 617) (1981), which involved a felony, not a misdemeanor, sentence. We agree with Evans that the trial court erred in requiring that he be placed on probation if released before the end of his sentence.

In *Johns*, supra, 160 Ga. App. at 535, the trial court sentenced the defendant to two years' imprisonment and eight years' probation for felony offenses, but ordered that if he were to be released before the expiration of his two-year prison term, he would be required to serve the remainder of that term on probation. This Court held that this requirement was invalid because it was inconsistent with the authority of the Executive Department under former Code Ann. § 77-320.1 to give inmates earned-time allowances. Id. at 536. This Court explained that the trial court's

attempt to impose the additional probation at the early release date is contrary to the expressed intent of the Legislature that in computing a prisoner's release date it will be 'less the time earned as earned time allowances.' If we were to sanction this type sentence, it would permit the trial court to forfeit 'earned time' of a prisoner awarded by the Executive Department and nullify a legislative enactment on computation of a prisoner's release date.

(Citation omitted.) Id.

Subsequently, in *Hutchins*, supra, 243 Ga. App. at 261, the trial court sentenced the defendant to 12 months' imprisonment for a misdemeanor offense, and ruled that upon the service of 180 days in confinement, the remainder of the sentence could be served on probation. The sheriff awarded the defendant 60 days credit for good time and released him after 120 days of confinement. Id. Upon serving probation for 185 days, the defendant moved to have his sentence terminated, which the trial court denied on the ground that the 60 days of good-time credit had to be served on probation. Id. This Court concluded that the motion to terminate should have been granted: "Based on *Johns*, we hold that [OCGA § 42-4-7 (b) (3)] prohibits a judge from imposing probation on any time by which confinement is shortened due to good-time credit." Id. at 262 (2). This Court reasoned that the holding in *Johns* was based

5

on the authority of the custodian of an inmate, which in *Johns* was the Executive Department under former Code Ann. § 77-320.1, to award inmates good-time credit, and OCGA § 42-4-7 (b) gives the same authority to the custodian of a county inmate. Id. at 261-262 (2).

Therefore, under *Johns* and *Hutchins* the requirement that Evans be placed on probation if he is released prior to the end of his prison term is erroneous, as it usurps the authority of his custodian under OCGA § 42-4-7 (b) to award him earned-time credit. The holding in *Hutchins* is not subject to attack on the basis that it relied on *Johns*, as both holdings are based upon the authority of the custodian of an inmate to award earned-time credit and the inability of a trial court to interfere with that authority. Whether the sentences in those cases were for felony or misdemeanor offenses is immaterial.

For the reasons aforementioned, we conclude that the trial court erred in ordering that Evans serve his sentence "day-for-day" and that he be placed on probation if released before the end of his sentence. Accordingly, we reverse the sentence and remand so the trial court can remove these provisions from the sentence.

*Judgment reversed in part and case remanded for resentencing. Brown and Goss, JJ., concur.*

6