**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules

June 4, 2026

# In the Court of Appeals of Georgia

A26A0640. OLIVER v. THE STATE.

DOYLE, Presiding Judge.

Anthony Oliver appeals from the amended final disposition of his conviction for criminal attempt to commit aggravated stalking and making a false statement. He contends that the trial court erred by including sentencing language that improperly imposed conditions on parole, which is a determination exclusively reserved for the executive branch. Because the language used in the final disposition could be so construed, we vacate that portion of the sentence and remand for the trial court to correct the sentence.

The relevant record is undisputed and shows that after Oliver's first direct appeal, this Court affirmed his conviction on the attempted aggravated stalking and

false statement counts, but reversed his conviction for aggravated stalking for insufficient evidence of venue. See *Oliver v. State*, 364 Ga. App. 828, 829 (876 SE2d 34) (2022). On remittitur, the trial court entered an amended disposition, vacating the conviction for aggravated stalking and sentencing Oliver to a total of ten years of confinement for the remaining counts (attempt to commit stalking and false statement). The amended disposition initially mistakenly provided for the sentence to be served on probation, but the trial court entered a clarified amended disposition stating that the sentence was to be served without probation. Nevertheless, the trial court left in a list of specific probation conditions, including, for example, that Oliver would be required to request leave of court to make any filing in any Georgia court. Further, and most relevant to this appeal, the amended disposition stated: "All conditions of Probation set forth in this Order are also to be considered as conditions of parole, if parole is granted to this Defendant."

Oliver filed a motion to correct a void sentence, arguing that the latter portion of his sentence was an improper directive to the executive branch's Board of Pardons and Paroles regarding its exercise of authority over parole decisions.[1] The trial court

---

[1] The same day, Oliver also moved to recuse the trial court judge, which motion was denied and is not at issue on appeal.

denied the motion, explaining that the amended disposition "does not impose conditions, it instead suggests that the Executive Department 'consider' imposing the conditions." Oliver now appeals.

In a single enumeration, Oliver argues that the amended disposition improperly intrudes into the parole power exclusively granted to the executive branch. We review this issue de novo, and we agree. See *Strickland v. State*, 301 Ga. App. 272, 273 (687 SE2d 221) (2009) (reviewing a sentencing issue de novo as a question of law).

As a general rule,

> any attempt by a court to impose its will over the Executive Department by attempting to impose as a part of a criminal sentence conditions operating as a prerequisite of or becoming automatically effective in the event of a subsequent parole of defendant by the State Board of Pardons & Paroles would be a nullity and constitute an exercise of power granted exclusively to the Executive.

*Stephens v. State*, 305 Ga. App. 339, 346(5)(a) (699 SE2d 558) (2010) (punctuation omitted) (quoting *Withers v. State*, 254 Ga. App. 833, 835(3) (563 SE2d 912) (2002)).

Here, as noted above, the trial court's order states that the specific probation conditions listed in the disposition "are also to be considered as conditions of parole, if parole is granted to this Defendant." In its denial of Oliver's motion to correct a

3

void sentence, the trial court later explained that it did not intend for the Department of Corrections to be bound by this language, but the disposition itself does not say the probation conditions are "suggested" conditions of parole. A reasonable reader could conclude that the probation conditions must be "considered," i.e., "treated as" or "deemed to be," conditions that apply to parole, if the Department grants parole. Such a reading would improperly invade the Department's role in granting parole and would therefore result in a nullity. See *Stephens*, 305 Ga. App. at 346(5)(a). To avoid such an outcome, we vacate that portion of the amended disposition and remand the case for entry of a clarified order consistent with this opinion.

*Judgment vacated in part and case remanded with direction. Davis, J., and Senior Judge C. Andrew Fuller concur.*