A98A2382. FRANKLIN v. THE STATE.
(512 SE2d 304)

BLACKBURN, Judge.

In this discretionary appeal, Marcus Terrell Franklin contends the trial court erred in failing to give him credit for time served when it revoked his probation. For the reasons discussed below, we agree and vacate Franklin's sentence with direction that he be accorded

credit for time he successfully completed on probation.

In 1996, Franklin pled guilty to first degree forgery and was sentenced under the first offender act to two years probation. In 1998, after notice and a hearing, the trial court determined that Franklin had violated the terms of his probation by possessing marijuana. The trial court then found Franklin guilty of the offense for which he had received first offender probation, forgery, and sentenced him to serve ten years, the maximum sentence for forgery in the first degree. See OCGA § 16-9-1. The trial court further instructed that such ten-year sentence was to be served "over and above time already served on First Offender probation."

1. In a long line of cases this Court and the Supreme Court of Georgia have held that "probation time must be credited to any [subsequent] sentence received, including cases involving first offender probation." *Stephens v. State*, 245 Ga. 835, 837 (268 SE2d 330) (1980). See also *Burney v. State*, 165 Ga. App. 268 (299 SE2d 756) (1983); *Tallant v. State*, 187 Ga. App. 138, 140 (369 SE2d 789) (1988); *State v. Boyd*, 189 Ga. App. 617, 619 (377 SE2d 11) (1988).

The State argues that because Franklin was informed, by way of the original sentencing form, that if his probation was revoked he could receive "the maximum sentence authorized by law with or without credit for time served on probation," the new sentence is lawful. The State's argument is without merit for two reasons. First, if Franklin is not given credit for time served on probation, he will receive a sentence exceeding the maximum allowed by law. See OCGA § 16-9-1. See also *Stephens*, supra ("[a] defendant who is serving a term on probation is subject to specified terms and conditions. . . . While he is not incarcerated, he is nevertheless suffering some loss of liberty"). And, second, the law specifically requires that the probationer receive credit for time served on probation. See OCGA § 42-8-38 (c) ("[a]fter the hearing, the court may revoke, modify, or continue the probation. If the probation is revoked, the court may order the execution of the sentence originally imposed or of any portion thereof. In such event, the time that the defendant has served under probation shall be considered as time served and shall be deducted from and considered a part of the time he was originally sentenced to serve"). Furthermore, OCGA § 42-8-60 (b) allows the trial court, upon a violation of probation to "enter an adjudication of guilt and proceed as otherwise provided by law." "[A]s otherwise provided by law," refers back to OCGA § 42-8-38 (c) which requires that credit be given for time served on probation, as noted above. Therefore, the trial court erred in failing to give Franklin credit for time served on probation and must so be credited upon remand.

2. We have reviewed Franklin's additional enumerations of error and find them to be without merit.

*Judgment affirmed; sentence vacated with direction. McMurray, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 10, 1999.

*Manchel, Johnson & Wiggins, Howard J. Manchel, Kam & Ebersbach, Michael G. Kam*, for appellant.

*Robert E. Keller, District Attorney, Verda Andrews-Stroud, Assistant District Attorney*, for appellee.