A08A0698. ANDERSON v. THE STATE.
(660 SE2d 876)

BERNES, Judge.

A Richmond County grand jury indicted Albert Anderson on three counts of forgery in the first degree. Anderson pled guilty and was sentenced on each count to six years (two to serve and the remainder probated), with the sentences to run concurrently. He now appeals pro se from the trial court's denial of his motion to modify his sentence. For the reasons discussed below, we affirm.

Anderson was arrested and held in custody in Muscogee County from September 2005 to June 2006, at which point he pled guilty and received a probated sentence for several crimes committed in that county. Thereafter, Anderson was transferred to Richmond County pursuant to a hold that had been placed on him based on outstanding warrants for forgery. Anderson was then held in custody in Richmond County until he entered his guilty plea and was sentenced on the three counts of forgery.

---

[8] See *Tinger v. State*, 256 Ga. App. 574, 576 (4) (568 SE2d 832) (2002) (charge to jury must be considered as a whole).

After Anderson was sentenced in Richmond County, he brought several motions attempting to have the trial court modify his sentence in order to credit him for his time served in confinement in Muscogee County. The trial court entered an order denying all of the motions, holding that the court lacked jurisdiction over the computation of credit for time served. Anderson now appeals from that order, arguing that the trial court had jurisdiction and should have modified his sentence.

> Without considering the merits of [Anderson's] argument, we hold that this issue is not properly before us. Although under OCGA § 17-10-11 (a) a convict should be given credit for time spent in confinement awaiting trial, the amount of credit is to be computed by the convict's presentence custodian, and the duty to award the credit for time served prior to trial is upon the Department of Corrections. OCGA § 17-10-12. The trial court is therefore not involved in this matter. If aggrieved by the calculations in awarding credit, [Anderson] should have sought relief from the Department of Corrections. [The remedy for] [d]issatisfaction with that relief . . . would be in a mandamus or injunction action against the Commissioner of the Department of Corrections.

(Citations, punctuation and footnotes omitted.) *Cutter v. State*, 275 Ga. App. 888, 890 (2) (622 SE2d 96) (2005). See also *Smashey v. State*, 282 Ga. App. 293, 294 (638 SE2d 431) (2006).

We would consider Anderson's argument if "the trial court in its written sentencing order [had given] gratuitous misdirection to the correctional custodians." *Cutter*, 275 Ga. App. at 890-891 (2). The remedy in such cases is a remand instructing the trial court to strike the offending language from the sentencing order. Id. at 891 (2). Here, however, the trial court's sentencing order stated that Anderson was to receive "credit [for] time served," giving no further direction. "As this generic statement was undisput[ably] correct, we have no reason to direct the trial court to strike any language." Id.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED APRIL 9, 2008.

Albert Anderson, *pro se.*
*Daniel J. Craig, District Attorney*, for appellee.