## A11A1601. COCHRAN v. THE STATE.
(727 SE2d 125)

ADAMS, Judge.

Anthony Brian Cochran appeals, pro se, from the denial of his "Motion to Correct Clerical Error on Final Disposition," which asserted a clerical error in connection with his sentence.

Cochran was arrested and incarcerated on July 29, 2008 on charges of burglary, theft by receiving stolen property, and possession of methamphetamine. Cochran pled guilty to the charges on July 27, 2009 and was sentenced to ten years. The discussion in court regarding Cochran's sentence was as follows:

> Court: Mr. Cochran, your sentence is ten to serve, *credit pursuant to the jailer's affidavit*, and that'll take care of you. Deputy, how many days has Mr. Cochran been in jail?
> Deputy: Twenty-three days, ma'am.
> Court: Twenty-three days?
> Deputy: Yes, ma'am.
> Clerk: He came from the state system.
> Court: You came out of the state system?
> Cochran: I've been locked up since July the 29th of last year.
> Court: I'm not going to write anything on here because you've only been with us on [sic] 23 days and that might mess you up real bad and I wouldn't want to do that. One day you'll get out.

(Emphasis supplied.) Despite the trial judge's statement about not writing "anything" in connection to Cochran's time served, the written sentence form contained a handwritten notation stating he should receive "credit pursuant to jailers aff[idavit]" in connection with his ten-year sentence. The referenced jailer's affidavit was signed by the "Commander — Detention, Records and ID" in Cobb County (the "Affidavit") and reflected that Cochran entered Cobb County custody on July 29, 2008 and was held until December 30, 2008, when he was "rel'd to Coastal." The Affidavit further noted that Cochran came back into the county's custody from Jackson State Prison on July 2, 2009 and remained there until his sentencing.

After sentencing, Cochran received a notice from the Department of Corrections (the "DOC") reflecting his ten-year sentence, with adjustments only for the two periods of county confinement reflected on the Affidavit. The DOC gave him no credit for the time he served in state custody in between his two county detentions, a period of approximately seven months. Cochran subsequently filed a motion for modification of his sentence asking for a correction of the clerical

error that "omitted credit for the time served." The trial court denied the motion, noting that the DOC, and not the trial court, had the duty of determining and granting credit for days spent in confinement prior to sentencing. Cochran then filed his "Motion to Correct Clerical Error on Final Disposition," which the trial court summarily denied.

On appeal, Cochran argues that the notation, whether error by the clerk or the judge, does not accurately reflect the trial court's stated intent not to interfere with his receipt of credit for the full amount of time served and further argues that the notation apparently caused the DOC to limit his credit for time served to only his county confinement. Cochran thus asks that his sentence be modified to remove the notation, which will enable the DOC to grant him the full credit to which he is entitled.

The State does not dispute that Cochran is entitled to credit for the full time he served prior to sentencing in connection with the charges in this case. Indeed, "[t]he clear policy behind OCGA §§ 17-10-9 through 17-10-12 is that time spent in incarceration under the authority of this state or a political subdivision thereof should count toward the time which a prisoner must serve." (Punctuation and footnote omitted.) *Johnson v. State*, 248 Ga. App. 454, 455 (3) (546 SE2d 562) (2001). Thus, under OCGA § 17-10-11 (a),

> [e]ach person convicted of a crime in this state shall be given full credit for each day spent in confinement awaiting trial and for each day spent in confinement, in connection with and resulting from a court order entered in the criminal proceedings for which sentence was imposed, in any institution or facility for treatment or examination of a physical or mental disability.

And the State does not contend that Cochran was not in custody on the charges in this case during the intervening seven months between the county detentions. Instead, the State argues, and the trial court found, that Cochran must seek relief from the DOC.

The State is correct that under OCGA § 17-10-12, the amount of credit for time spent in confinement while awaiting trial is to be computed by the convict's pre-sentence custodian, and the DOC has the duty to award the credit for time served based upon that calculation. *Anderson v. State*, 290 Ga. App. 890, 891 (660 SE2d 876) (2008). Because trial courts are not involved in such calculations, a defendant "aggrieved by the calculations in awarding credit" generally must seek relief from the DOC. Id. And "[t]he remedy for dissatisfaction with that relief would be in a mandamus or injunction action against the Commissioner of the Department of Corrections."

(Citations and punctuation omitted.) Id. An exception exists, however, "where the trial court in its written sentencing order gives gratuitous misdirection to the correctional custodians" because a trial judge has no authority to interfere with the administrative duties of the correctional custodians and the DOC to determine and award credit for time served. (Citation omitted.) *Cutter v. State*, 275 Ga. App. 888, 890-891 (2) (622 SE2d 96) (2005). See also *Sanford v. State*, 251 Ga. App. 190, 191 (553 SE2d 854) (2001). The remedy in such a case is to "remand the case to the trial court to strike the offending language from the sentencing order." (Citation omitted.) *Cutter v. State*, 275 Ga. App. at 891. See also *Johnson v. State*, 248 Ga. App. at 455 (3).

Because the DOC appears to have relied upon the trial court's handwritten notation in calculating Cochran's sentencing credit, we find that the notation was a gratuitous misdirection that had the effect of improperly taking credit away from him. *Johnson v. State*, 248 Ga. App. at 455 (3) (trial court has no authority to take sentencing credit away). As Cochran notes, the notation has effectively resulted in the DOC's administration of not a ten-year sentence, but rather a sentence in excess of ten and one-half years. Accordingly, we reverse the trial court's denial of Cochran's motion and remand the case with direction to strike the words "credit pursuant to jailers aff." from Cochran's sentence.

*Judgment reversed and case remanded with direction. Barnes, P. J., and Blackwell, J., concur.*

DECIDED JANUARY 31, 2012 —
RECONSIDERATION DENIED APRIL 12, 2012 — ▮▮▮▮▮▮▮

Anthony B. Cochran, *pro se.*
*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.