A11A2260. STALLINGS v. SPARKS et al.
(723 SE2d 514)

MCFADDEN, Judge.

Former prison inmate Carlos Stallings brought an action against a superior court clerk and deputy clerk, a former sheriff, and a deputy sheriff (the "defendants"), alleging that due to their negligence he had remained imprisoned for three months after he should have been released. Stallings has not pointed to any evidence that he

---

remained imprisoned after his sentence ended. Consequently, we affirm the trial court's grant of summary judgment to the defendants.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Hutto v. CACV of Colorado*, 308 Ga. App. 469 (707 SE2d 872) (2011). We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant. Id.

So viewed, the evidence shows that Stallings was convicted of various offenses and on November 26, 2001, was sentenced to ten years, four to be served in confinement and six to be served on probation. Stallings was given credit for time served since October 7, 1999; thus, his sentence was scheduled to end ten years after that date, on October 7, 2009. See OCGA § 17-10-11 (a) (person convicted of a crime shall be given full credit for each day spent in confinement awaiting trial, which shall be applied toward the person's sentence).

On January 29, 2007, the trial court found that Stallings had violated the terms of his probation. The court revoked his probation and ordered him to serve the remainder of his sentence in confinement. Stallings was released from prison on October 5, 2009.

Notwithstanding his release two days before the scheduled end of his ten-year sentence, Stallings argues that he was imprisoned for longer than his sentence allowed. He bases this argument on his assertion that OCGA § 42-8-38 (c) required that he receive credit toward his sentence for the time he spent in jail awaiting his probation revocation hearing after violating the terms of his probation, effectively reducing his sentence from ten years to something less than ten years.

OCGA § 42-8-38 does not provide for a reduction in the duration of a defendant's sentence when the defendant, having violated his probation, spends some time in jail awaiting a probation revocation hearing. Rather, that Code section pertinently provides that if probation is revoked and the court orders the execution of some or all of the original sentence, "the time that the defendant has served under probation shall be considered as time served and shall be deducted from and considered a part of the time he was originally sentenced to serve." OCGA § 42-8-38 (c). In other words, the court cannot disregard the time a defendant has served on probation when calculating the time remaining on the defendant's sentence after probation has been revoked. We have held, however, that

> periods of incarceration pending final disposition of a probation revocation proceeding . . . cannot be used as "credits" toward the period of incarceration which ultimately results from the trial court's determination that a violation

has occurred and that the original sentence, or some part thereof, should be served in prison.

*Dickey v. State*, 157 Ga. App. 13, 15 (2) (276 SE2d 75) (1981).

Stallings argues that our opinion in *Franklin v. State*, 236 Ga. App. 401 (512 SE2d 304) (1999), supports his position that he should have been released before October 5, 2009. We disagree. In *Franklin*, the defendant served two years on probation as a first offender before his probation was revoked; the court then sentenced him to the maximum sentence of ten years, to be served "over and above time already served on First Offender probation." (Punctuation omitted.) Id. at 402. We held that this sentence violated the requirement that the time a probationer already had served on probation be taken into account in determining the amount of his remaining sentence following revocation. See id. at 402 (1). Here, by contrast, the trial court took into account the time Stallings already had served on probation — *including Stallings's pre-revocation jail time* — in calculating the amount of time that remained on his sentence following revocation. To also credit Stallings's pre-revocation jail time toward the *remaining* time on his sentence, after the entire time he had served on probation already had been taken into account, would constitute an improper double credit. See 1973 Op. Atty. Gen. 73-1.

Simply put, OCGA § 42-8-38 did not require Stallings's pre-revocation jail time to be credited toward his sentence in a manner that would reduce his overall time served (either on probation or in confinement) to something less than the ten years for which he was sentenced. And there is no dispute that Stallings was released from confinement two days *before* the ten-year sentence ended. Thus, Stallings has not shown that he was harmed by any alleged acts of negligence on the part of the defendants. Consequently, the trial court did not err in granting summary judgment to the defendants. See generally *Rasnick v. Krishna Hospitality*, 289 Ga. 565, 566 (713 SE2d 835) (2011) (damage resulting from alleged breach of duty is required element of viable negligence action).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 17, 2012.

*Goldberg & Cuvillier, Ralph S. Goldberg*, for appellant.
*Womack, Gottlieb & Rodham, Ronald R. Womack, Steven M. Rodham*, for appellee.