### A12A1028. SCOTT v. THE STATE.
(727 SE2d 518)

ELLINGTON, Chief Judge.

Dudley Scott III appeals from an order of the Superior Court of Laurens County that denied his motion to withdraw his February 2008 guilty plea to armed robbery. In his motion, Scott contended that the sentence entered following his guilty plea did not conform to the terms of the plea agreement because the court failed to give him credit for the time he served in jail while his case was awaiting trial. It is undisputed that, at the time Scott was charged with the Laurens County armed robbery, he was already in jail in Baldwin County on charges from unrelated crimes, and he was still incarcerated for the Baldwin County crimes when he entered his guilty plea to the Laurens County charge.

1. In its order denying Scott's motion to withdraw his guilty plea, the trial court ruled that Scott had knowingly and voluntarily entered his plea. The trial court also ruled that, before Scott entered his guilty plea, he had been specifically informed that he would not receive credit toward his sentence for the period of time that he had served in the Baldwin County jail, even though the instant charge was pending during part of that time. On appeal, Scott does not challenge these rulings; thus, he has implicitly conceded that he knowingly and voluntarily entered his guilty plea after being informed that he would not receive credit for the time he had already served for the Baldwin

County crimes. See generally *Mantooth v. State*, 303 Ga. App. 330, 334 (1) (a) (693 SE2d 587) (2010) (by failing to assert on appeal that his waiver of his right to a jury trial was invalid, the defendant implicitly conceded that he made such waiver voluntarily, knowingly, and intelligently). Consequently, to the extent that the trial court denied Scott's motion on these bases, the order is affirmed.

2. Scott contends, however, that the trial court erred in refusing to credit the time he was confined in Baldwin County while the instant case was pending to the sentence he received on his guilty plea, pursuant to OCGA § 17-10-11 (a).[1] This argument lacks merit.

OCGA § 17-10-11 (a) states, in relevant part, as follows:

Each person convicted of a crime in this state shall be given full credit for each day spent in confinement awaiting trial and for each day spent in confinement, *in connection with and resulting from a court order entered in the criminal proceedings for which sentence was imposed*, in any institution[.] . . .

(Emphasis supplied.) The Supreme Court of Georgia has previously ruled that, based upon its plain language, the provisions of the statute apply "only to persons who would not be confined but for the charges which give rise to the sentence for which credit is sought." (Citations and punctuation omitted.) *Wilson v. State*, 273 Ga. 97 (538 SE2d 429) (2000).

Consequently, because Scott would have been confined in Baldwin County on the unrelated charges during the time period at issue regardless whether he had been charged with the Lauren County crimes, OCGA § 17-10-11 (a) does not apply to that period, and Scott was not entitled to the statutory credit to his sentence. Accordingly, to the extent that the trial court denied Scott's motion on that basis, there was no error.

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur.*

---

[1] We note that we are addressing this issue only because it was raised and ruled upon as part of a motion to withdraw a guilty plea, the denial of which is directly appealable. See *Ford v. State*, 312 Ga. App. 80, 81 (1), n. 1 (717 SE2d 676) (2011). We also note that Scott has previously attempted to raise this issue in several independent motions in the trial court and that he has failed to perfect an appeal from the denial of any of those motions. Consequently, we find it necessary to specifically inform Scott that, should he seek to further challenge the calculation of the amount of credit for time served, if any, such challenges must not be brought by motion in the trial court, but, instead, must be asserted in a mandamus or injunction action against the Commissioner of the Department of Corrections or in a petition for habeas corpus, as explained in the State's brief, pages 4-5, and in this Court's opinion in *Maldonado v. State*, 260 Ga. App. 580, 580-581 (580 SE2d 330) (2003).

DECIDED APRIL 19, 2012 —
RECONSIDERATION DENIED MAY 4, 2012.

Dudley R. Scott, *pro se.*
L. *Craig Fraser, District Attorney*, for appellee.