**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**January 15, 2014**

# In the Court of Appeals of Georgia

A13A2415. COMBS v. THE STATE.                          MI-089C

MILLER, Judge.

Brian Keith Combs pled guilty to one count of burglary (OCGA § 16-7-1 (a)) (2011). Pursuant to the negotiated guilty plea, Combs was sentenced on July 17, 2012, to twenty years, with four to serve in confinement. Combs subsequently filed a pro se motion for a nunc pro tunc order to give him credit for time served in confinement awaiting trial. The trial court denied his motion, and Combs appeals from that order, contending that the trial court was required to correct his sentence to give him credit for time served.

Under OCGA § 17-10-11 (a), a convict should be given credit for time spent in confinement awaiting trial. The amount of credit, however, "is to be computed by the convict's pre-sentence custodian, and the duty to award the credit for time served

prior to trial is upon the Department of Corrections. OCGA § 17-10-12" (Citation and punctuation omitted.) *Cutter v. State*, 275 Ga. App. 888, 890 (2) (622 SE2d 96) (2005). A trial court has no authority to interfere in the determination and award of credit for time served. *Cochran v. State*, 315 Ga. App. 488, 490 (727 SE2d 125) (2012); see also *Cutter*, supra, 275 Ga. App. at 890 (2).

> If aggrieved by the calculations in awarding credit, [Combs] should have sought relief from the Department of Corrections. Dissatisfaction with that relief would not be a part of his direct appeal from his original conviction but would be in a mandamus or injunction action against the Commissioner of the Department of Corrections.

(Citations and punctuation omitted.) Id. at 890 (2).

An exception exists, however, "where the trial court in its written sentencing order gives gratuitous misdirection to the correctional custodians." *Cochran*, supra, 315 Ga. App. at 490. No such misdirection was given in this case. Rather, the trial court expressly directed the Department of Corrections to compute Combs's sentence according to law and gave no further direction. Accordingly, the trial court did not err in denying Combs's motion for a nunc pro tunc order.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*