**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 2, 2014**

# In the Court of Appeals of Georgia

A14A1170. CALDWELL v. THE STATE.                    JE-042C

ELLINGTON, Presiding Judge.

The Superior Court of Dodge County revoked the probation of William Caldwell, who was under sentence for aggravated assault, OCGA § 16-5-21 (a) (1) (with intent to rape). This Court granted Caldwell's petition for a discretionary appeal under OCGA § 5-6-35 (a) (5). Caldwell appeals, contending, inter alia, that the trial court erred in finding that he violated his probation on the basis that he had sexually-oriented, sexually-stimulating images on his cellular phone. For the reasons explained below, we affirm.

Under Georgia law, a trial court may revoke a probated sentence if "the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations [of the conditions of probation] alleged." OCGA

§ 42-8-34.1 (b). See also OCGA § 42-8-34.1 (e) (violations of special conditions of probation). "This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court." (Citation and punctuation omitted.) *Gray v. State*, 313 Ga. App. 470, 471 (722 SE2d 98) (2011). In terms of the sufficiency of the evidence, this court will affirm the judgment of revocation if the record includes some competent evidence to show that the defendant violated the terms of his probation in the specific manner charged, notice of which must be provided in writing before the probation revocation hearing. *Wolcott v. State*, 278 Ga. 664, 667 (2) (604 SE2d 478) (2004); *Bickel v. State*, 323 Ga. App. 902, 903 (749 SE2d 1) (2013); *Dillard v. State*, 319 Ga. App. 299, 300 (735 SE2d 297) (2012). However, we review questions of law de novo. *White v. State*, 274 Ga. App. 805 (619 SE2d 333) (2005).

In this case, the record shows that the "sex offender" conditions of Caldwell's probation provided that, except as authorized by the court or his probation supervisor, he would not possess any type of photograph or digital imagery of "any minor" and that he would not possess "any sexually-oriented sexually-stimulating material, to include mail, computer or television." The State notified Caldwell in writing that he was accused of violating those conditions by having images of minors and sexually-

2

oriented images on his cell phone. At the probation revocation hearing, the State introduced evidence that Caldwell's probation supervisor performed a routine search of photographs stored in Caldwell's cell phone on September 16, 2013. In terms of sexually-oriented, sexually-stimulating material, the State offered six photographs: (1) an adult woman dressed in a short-sleeved top and shorts, with her midriff bare, pulling the waistband of the shorts down on one side to show the top of her underwear; (2) a head-and-shoulders view of a woman displaying ample cleavage; (3) a closeup in profile of a woman's hip area, clothed in bikini underwear or a swimsuit bottom, showing a bare midriff and partially bare buttock; (4) Caldwell from shoulders to knees, nude except that his genitals are concealed in a black thong; (5) Caldwell in profile before a shower curtain, with a bare midriff and wearing dark underwear, with his hand near his groin, where the silhouette suggests an erect penis; (6) Caldwell wearing white underwear, in a closeup of his groin with his fingers pulling the fabric tightly around the tip of his penis. The trial court found, inter alia, that Caldwell had possessed sexually-oriented material in violation of the conditions of his probation and revoked the balance of his probation.

1. Caldwell contends that the condition of his probation regarding sexually-oriented, sexually-stimulating material, which was incorporated in the judgment

3

entered on August 8, 2000, is overbroad and unreasonably vague and is not reasonably related to the rehabilitative goals of probation. See *Ellis v. State*, 221 Ga. App. 103 (470 SE2d 495) (1996). Caldwell, however, has never filed a direct challenge to the validity of that judgment. See id. The only issues presented in the proceeding for revocation of probation were whether Caldwell received the required notice of the grounds for revocation and whether the State proved by a preponderance of the evidence that he violated the conditions of his probation in the manner charged. See *Dillard v. State*, 319 Ga. App. at 300; *Carlson v. State*, 280 Ga. App. 595, 599 (2) (634 SE2d 410) (2006). Accordingly, this argument presents no basis for reversing the trial court's December 17, 2013 order revoking the balance of his probation.

2. Caldwell contends that the trial court erred in finding that the images at issue constituted sexually-oriented, sexually-stimulating material. Although the images may not constitute what is ordinarily deemed to be obscene[1] or even sexually-

_____

[1] Material is obscene if:
(1) To the average person, applying contemporary community standards, taken as a whole, it predominantly appeals to the prurient interest, that is, a shameful or morbid interest in nudity, sex, or excretion;
(2) The material taken as a whole lacks serious literary, artistic, political, or scientific value; and
(3) The material depicts or describes, in a patently offensive way, sexual

4

explicit,[2] we cannot say that a reasonable finder of fact could not find, at least with

conduct specifically defined in subparagraphs (A) through (E) of this paragraph:
(A) Acts of sexual intercourse, heterosexual or homosexual, normal or perverted, actual or simulated;
(B) Acts of masturbation;
(C) Acts involving excretory functions or lewd exhibition of the genitals;
(D) Acts of bestiality or the fondling of sex organs of animals; or
(E) Sexual acts of flagellation, torture, or other violence indicating a sadomasochistic sexual relationship.

OCGA § 16-12-80 (b). See also OCGA § 16-12-81 (b) (1) (For the offense of distributing material depicting nudity or sexual conduct, "nudity" is defined as "the showing of the human male or female genitals, pubic area, or buttocks with less than a full opaque covering or the depiction of covered male genitals in a discernibly turgid state.").

[2] As defined in the Computer or Electronic Pornography and Child Exploitation Prevention Act of 2007, "sexually explicit conduct" means
actual or simulated:
(A) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
(B) Bestiality;
(C) Masturbation;
(D) Lewd exhibition of the genitals or pubic area of any person;
(E) Flagellation or torture by or upon a person who is nude;
(F) Condition of being fettered, bound, or otherwise physically restrained on the part of a person who is nude;
(G) Physical contact in an act of apparent sexual stimulation or gratification with any person's unclothed genitals, pubic area, or buttocks or with a female's nude breasts;
(H) Defecation or urination for the purpose of sexual stimulation of the viewer; or
(I) Penetration of the vagina or rectum by any object except when done as part of a recognized medical procedure.

regard to the photographs that emphasized the attributes (shape, size, and/or impliedly turgid state) of Caldwell's penis, that he possessed material that was sexually oriented and sexually stimulating. See *Veats v. State*, 300 Ga. App. 600, 602-604 (1) (685 SE2d 416) (2009).

3. Given our holding in Division 2, supra, Caldwell's argument that the trial court erred in revoking his probation on the alternative basis that he possessed photos of his two minor nephews is moot.

4. Caldwell contends that, when the trial court sentenced him on August 8, 2000, the trial court failed to give him appropriate credit for time he had served on probation pursuant to Georgia's First Offender law. The record shows that Caldwell was originally charged with aggravated assault in 1996 and that he was sentenced pursuant to the First Offender Act on November 27, 1996. The trial court adjudicated Caldwell guilty of aggravated assault on August 2, 2000, and sentenced him to twenty years, the maximum punishment allowed for aggravated assault. OCGA § 16-5-21. In the August 2, 2000 judgment, the trial court indicated, "credit for time served since

OCGA § 16-12-100 (a) (4). See also OCGA § 16-12-81 (b) (2) (For the offense of distributing material depicting nudity or sexual conduct, "sexual conduct" is defined as "acts of masturbation, homosexuality, sodomy, sexual intercourse, or physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if the person is female, breast.").

8-12-98." As Caldwell contends, "probation time must be credited to any subsequent sentence received, including cases involving [F]irst [O]ffender probation." (Citations and punctuation omitted.) *Franklin v. State*, 236 Ga. App. 401, 402 (1) (512 SE2d 304) (1999). The record does not show the basis for the trial court's direction that Caldwell receive credit for time served from August 12, 1998, rather than from November 27, 1996.[3] Caldwell's argument presents no basis for reversing the trial court's December 17, 2013 order revoking the balance of his probation, however, because the August 2, 2000 judgment reflects the trial court's intention that Caldwell receive credit for time served. See *Kaylor v. State*, 312 Ga. App. 633, 636 (2) (719 SE2d 530) (2011). Because the record before us is silent on the issue of the length of his creditable probation service, there is no basis for finding that the August 2, 2000 judgment gave "gratuitous misdirection to the correctional custodians" regarding the amount of credit he should receive. (Citation and footnote omitted.) *Cutter v. State*, 275 Ga. App. 888, 890 (2) (622 SE2d 96) (2005) (When a written sentencing order gives gratuitous misdirection to the correctional custodians regarding the amount of creditable time served, we will "remand the case to the trial court to strike the

---

[3] As the State points out, the running of probation time may be suspended if, inter alia, a probation warrant is returned *non est inventus*. *Wilson v. State*, 292 Ga. App. 540, 541-542 (664 SE2d 890) (2008).

offending language from the sentencing order.") (citation and footnote omitted); *Johnson v. State*, 248 Ga. App. 454, 455 (3) (546 SE2d 562) (2001) (Where the written sentencing order improperly included the direction, "[n]o credit for time served previously[,]" this Court directed that the trial court strike that language from the judgment.). Because the Department of Corrections, as the post-judgment custodian, is charged with calculating the end date of Caldwell's sentence, his remedy lies there. *Cutter v. State*, 275 Ga. App. at 890 (2); *Maldonado v. State*, 260 Ga App. 580 (580 SE2d 330) (2003).

*Judgment affirmed. Phipps, C. J., concurs. McMillian, J., concurs in judgment only as to Division 4, otherwise fully.*