# Court of Appeals
# of the State of Georgia

ATLANTA, July 01, 2016

*The Court of Appeals hereby passes the following order:*

## A16D0413. ANTWAN SINKFIELD v. THE STATE.

On December 1, 2014, Antwan Sinkfield pled guilty to numerous offenses, and the trial court sentenced him to thirty years with fifteen to serve. In September 2015, Sinkfield filed a motion for sentence modification. The trial court denied the motion on April 4, 2016, and Sinkfield filed an application for discretionary appeal on June 7, 2016.

A sentencing court may modify a sentence within one year of its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See OCGA § 17-10-1 (f). The denial of a timely motion to modify a sentence under OCGA § 17-10-1 (f) may be appealed directly. See, e. g., *Anderson v. State*, 290 Ga. App. 890 (660 SE2d 876) (2008); *Maldonado v. State*, 260 Ga. App. 580 (580 SE2d 330) (2003).

Ordinarily, when a party applies for discretionary review of a directly appealable order, we grant the application under OCGA § 5-6-35 (j). To fall within this general rule, however, the application must be filed within 30 days of entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d); *Hill v State*, 204 Ga. App. 582, 583 (420 SE2d 393) (1992). Here, Sinkfield filed his application 64 days after

the trial court's order was entered.  Accordingly, the application is untimely, and it is hereby DISMISSED for lack of jurisdiction.[1] See *Hill*, supra.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*___07/01/2016___

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] If Sinkfield contends that his right to appeal was frustrated due to the trial court's failure to timely send a copy of its order, his remedy is to petition the trial court to vacate and re-enter the order as a means of correcting the problem. See *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980). The re-entry of the order will begin anew the time in which to file a notice of appeal.