**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 25, 2023**

# In the Court of Appeals of Georgia

A23A0482. KELLUM v. THE STATE.

MARKLE, Judge.

Willie Matthew Kellum entered a negotiated plea to one count of sale of a controlled substance and two counts of illegal use of communication facility, and was sentenced to 18 years probation. After the State filed a petition to revoke Kellum's probation based on allegations that he violated the terms by committing new drug offenses, the trial court revoked Kellum's probation and imposed a sentence of five years. In his discretionary appeal,[1] Kellum argues that the trial court (1) erred by failing to grant him full credit for time served, and (2) abused its discretion by failing to consider alternate sentencing. For the following reasons, we affirm the trial court's

---

[1] We granted Kellum's application for discretionary appeal. See OCGA § 5-6-35 (a) (5), (b).

order with respect to its revocation of Kellum's probation and the sentence of confinement rather than a drug treatment program. However, we vacate the trial court's order regarding credit for time served, and remand the case for further proceedings consistent with this opinion.

> A trial court may revoke a probated sentence if the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations of the conditions of probation alleged. The trial court sits as the trier of fact in revocation proceedings. This Court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court. Thus, we will affirm a probation revocation judgment if the record includes some competent evidence to show that the defendant violated the terms of his probation in the specific manner charged. This Court reviews questions of law, however, de novo.

(Citations and punctuation omitted.) *Grimes v. State*, 364 Ga. App. 518, 519 (875 SE2d 500) (2022).

So viewed, the record shows that, in 2010, Kellum entered a negotiated plea to one count of sale of a controlled substance and two counts of illegal use of communication facility. In 2020, the State filed its petition for modification/revocation of probation after Kellum was arrested in Florida on drug charges. Additionally, the State alleged Kellum further violated the terms of his

2

probation by failing to fully pay court-ordered costs and restitution, and report to his probation supervisor as directed upon his release from the Florida Department of Corrections.

At the revocation hearing on May 17, 2021, Kellum admitted the violations as alleged in the State's revocation petition, and requested the trial court sentence him to a drug rehabilitation program in lieu of incarceration. Kellum stated that he had served approximately a year and a half in custody in Florida on the new charges, and he indicated that he also had been arrested in Alabama prior to his extradition to Georgia on May 11, 2021. Apparently, Kellum went to Alabama after his release from prison in Florida and was located there when he failed to report to his probation officer. Kellum further stated that he refused extradition to Georgia following his release from jail in Alabama because he was afraid his probation would be revoked and that he would not receive drug treatment.

The trial court subsequently revoked Kellum's probation and sentenced him to five years in prison. The trial court's order specified that Kellum would receive credit

for time served from May 11, 2021 when he was arrested in Georgia. Kellum filed his application for discretionary appeal, which we granted, and this appeal followed.[2]

1. Kellum argues that the trial court abused its discretion by refusing to consider placement in a drug rehabilitation program in lieu of prison time, and that it sentenced him more harshly than it should because of his refusal to waive extradition from Alabama back to Georgia. We disagree.

At a revocation hearing, the trial court is only required to consider other alternatives to confinement, such as drug rehabilitation, if the defendant's violation of his probation did not involve committing a new felony offense. OCGA § 42-8-34.1 (c). Moreover, "[t]rial courts generally have the discretion to fashion sentences that fit the crimes for which the defendant is convicted, so long as the sentences fall within the statutory ranges." (Citations and punctuation omitted.) *Cobb v. State*, 356 Ga. App. 187, 192 (3) (c) (843 SE2d 912) (2020); see also OCGA § 17-10-1 (a) (1) (A).

Importantly, the record shows that Kellum committed new felony drug offenses, resulting in the revocation of his probation, and thus he was not entitled to

---

[2] The State has not filed a brief in this appeal. We takes this opportunity to remind the State of its obligation to file a brief in criminal appeals. Court of Appeals Rule 23 (b).

have the trial court consider a drug treatment program in lieu of confinement. OCGA § 42-8-34.1 (c). Also, Kellum offers nothing to demonstrate that the trial court showed any bias as a result of Kellum's refusal of extradition from Alabama to Georgia. Further, Kellum does not allege that his sentence falls outside the statutory range. *Cobb*, 356 Ga. App. at 192 (3); see also OCGA § 17-10-1 (a) (1) (A). Accordingly, we conclude the trial court did not abuse its discretion by sentencing Kellum to confinement upon revocation of his probated sentence.

2. In related enumerations of error, Kellum next contends that, although the trial court gave him credit for time served in Georgia while awaiting his revocation hearing, it abused its discretion by failing to grant him credit for time served in Florida and Alabama. We conclude that Kellum is not entitled to credit for time served in relation to the new Florida charge or for the time served in Alabama. However, we vacate the trial court's order and remand the case for further proceedings because the trial court overstepped its authority in computing Kellum's credit for time served while in Georgia.

OCGA § 17-10-11 (a) (1) provides that "a person shall be given full credit for each day spent in confinement in any penal institution or facility . . . , including . . .

[p]retrial confinement, for any reason, since the date of arrest for the offense which is the subject of the sentence[.]" Further, OCGA § 42-8-38 (c) provides that,

> [a]fter the hearing, the court may revoke, modify, or continue the probation. If the probation is revoked, the court may order the execution of the sentence originally imposed or of any portion thereof. In such event, the time that the defendant has served under probation shall be considered as time served and shall be deducted from and considered a part of the time he or she was originally sentenced to serve.

See also *Franklin v. State*, 236 Ga. App. 401, 402 (1) (512 SE2d 304) (1999). A defendant, however, is not entitled to credit for time served while awaiting a probation revocation hearing after a violation is alleged. *Stallings v. Sparks*, 314 Ga. App. 216, 217 (723 SE2d 514) (2012).

The amount of credit for time served is to be computed by the sentence custodian, not the trial court, and a defendant aggrieved by such calculations generally must seek relief against the Department of Corrections. *Cochran v. State*, 315 Ga. App. 488, 489 (727 SE2d 125) (2012); see also *Anderson v. State*, 290 Ga. App. 890, 891 (660 SE2d 876) (2008); OCGA § 17-10-12 (b); *Caldwell v. State*, 327 Ga. App. 471, 474-475 (4) (758 SE2d 325) (2014) (physical precedent only). However, to the extent the trial court oversteps its authority and misdirects the

6

correctional custodian as to the amount of credit for time served, the appropriate remedy is to remand the case to remove the offending time computation language from the order. *Cochran*, 315 Ga. App. at 490 (trial court's "gratuitous misdirection" in order regarding how credit for time served was to be calculated warranted reversal and remand with direction to strike that portion of the trial court's order); *Anderson*, 290 Ga. App. at 891; *Caldwell*, 327 Ga. App. at 474-475 (4).

Here, although the trial court heard testimony concerning the time Kellum spent in confinement in Florida, as well as the time he spent in custody in Alabama, Kellum is not entitled to credit for time served for those periods. *Johnson v. State*, 248 Ga. App. 454, 455 (3) (546 SE2d 5620 (2001) ("credit need not be given for prior incarceration related to another charge[.]"); *Stallings*, 314 Ga. App. at 217; see also OCGA § 42-8-38 (c) ("If the probation is revoked, the court may order the execution of the sentence originally imposed or of any portion thereof. In such event, the time that the defendant has served *under probation* shall be considered as time served and shall be deducted from and considered a part of the time he or she was originally sentenced to serve.").

But Kellum *was* entitled to credit for time served while on probation for the Georgia charges that were the subject of his original probated sentence. In its oral

7

pronouncement and in the written order, the trial court only mentioned that Kellum would receive credit for time served from May 11, 2021, and it made no mention of credit for time spent on probation since Kellum's original sentence imposed in 2010. We acknowledge that it can be inferred from the trial court's order that it intended to give Kellum credit for time served, as it sentenced him only to five years to serve. *Caldwell*, 327 Ga. App. at 474 (4) (no basis for reversing order where the judgment reflected the trial court's intention that the defendant receive credit for time served). However, by indicating the exact date of May 11, 2021, as the time from which credit for time served should be calculated, the order "gratuitously misdirects" the amount of time for which Kellum should be credited. *Cochran*, 315 Ga. App. at 490; *Anderson*, 290 Ga. App. at 891; *Caldwell*, 327 Ga. App. at 474-475 (4). Accordingly, we vacate this portion of the trial court's revocation order, and remand the case with direction to strike the language regarding credit for time served from the date specified. *Cochran*, 315 Ga. App. at 489-490; see also *Anderson*, 290 Ga. App. at 891. The Department of Corrections can then properly calculate the amount of credit Kellum is to receive.

*Judgment affirmed in part; vacated in part; and case remanded. McFadden, P. J., and Brown, J., concur*.

8