**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 16, 2025**

# In the Court of Appeals of Georgia

A24A1802. FORREST v. THE STATE.

WATKINS, Judge.

After entering an *Alford*[1] plea to first degree arson,[2] Sterling Forrest was sentenced to three years' imprisonment, with two years to serve and the balance of one year probated, and credit for time served. On appeal, Forrest argues that the Superior Court of Fulton County erred in excluding the time Forrest served in DeKalb County as required by the applicable version of OCGA § 17-10-11. We agree and therefore vacate this portion of the sentence and remand the case with direction.

According to the factual basis presented by the State at the April 26, 2024 plea hearing, Forrest intentionally set fires throughout a vacant house in Fulton County on

---

[1] See *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

[2] See OCGA § 16-7-60 (a).

August 1, 2022. The record reflects that, after Forrest's arrest on the Fulton charge and prior to the plea hearing, Forrest spent time in the DeKalb County jail on a different charge.

After accepting the *Alford* plea, the Fulton court sentenced Forrest to three years, to serve two in custody. Apparently applying the pre-amendment version of OCGA § 17-10-11,[3] the court rejected the position that Forrest should get credit for the entire time of incarceration since the arrest. The court stated that it was "only interested . . . in the time [Forrest] served in Fulton County." In the final disposition order, the court directed that Forrest "shall receive credit for time served in custody from 8/[1]/2022[4] — 9/18/2023, 1/26/2024 — 2/2/2024 and 4/19/2024 — present." This appeal followed.

Forrest argues, and the State concedes, that the trial court erred in excluding credit for the days Forrest was incarcerated in DeKalb County between the time of arrest on the Fulton charge and sentencing. We agree.

---

[3] See *Wilson v. State*, 273 Ga. 97 (538 SE2d 429) (2000) (holding that, under the prior version of OCGA § 17-10-11, the defendant was not entitled to credit for time served on unrelated charges).

[4] The State agrees with Forrest's contention that the written sentence contains a scrivener's error in that it lists August 22, 2022, rather than August 1, 2022, as the starting date for Forrest's custody in Fulton County. As discussed below, the trial court is directed to strike that portion of the order in its entirety.

The amount of credit for time served is to be computed by the sentence custodian, not the trial court, and a defendant aggrieved by such calculations generally must seek relief against the Department of Corrections. However, to the extent the trial court oversteps its authority and misdirects the correctional custodian as to the amount of credit for time served, the appropriate remedy is to remand the case to remove the offending time computation language from the order.[5]

"[A]s in all appeals involving the construction of statutes, our review is conducted under a de novo standard."[6]

As amended in 2020,[7] OCGA § 17-10-11 (a) (1) provides in relevant part that "upon conviction for an offense, a person shall be given full credit for each day spent in confinement in *any* penal institution or facility[,] including [p]retrial confinement, *for any reason*, since the date of arrest for the offense which is the subject of the sentence[.]"[8] Prior to this amendment, individuals were only entitled to credit for time served "in

---

[5] (Citations omitted.) *Kellum v. State*, 367 Ga. App. 742, 744-745 (2) (888 SE2d 315) (2023).

[6] (Citation and punctuation omitted.) *Walker v. State*, 360 Ga. App. 211, 213 (1) (860 SE2d 868) (2021).

[7] See Ga. L. 2020, p. 361, § 3 (HB 984) (effective January 1, 2021).

[8] (Emphasis supplied.)

connection with and resulting from a court order entered in the criminal proceedings for which sentence was imposed."[9]

Thus, under the plain language of the current version of OCGA § 17-10-11, Forrest was entitled to full credit for each day spent in confinement since the date of arrest, including any time served in DeKalb County, for the Fulton arson charge. Because "the trial court in its written sentencing order [gave] gratuitous misdirection to the correctional custodians[,]"[10] we vacate the portion of the judgment regarding credit for time served and remand the case for the trial court to strike that portion of the order.[11] The Department of Corrections can then properly calculate the amount of credit Forrest is to receive.

*Judgment vacated and case remanded with direction. Doyle, P. J., and Hodges, J., concur.*

---

[9] OCGA § 17-10-11 (2010); see *Scott v. State*, 315 Ga. App. 786, 787 (2) (727 SE2d 518) (2012).

[10] (Citation and punctuation omitted.) *Cochran v. State*, 315 Ga. App. 488, 490 (727 SE2d 125) (2012).

[11] Compare *Kellum*, 367 Ga. App. at 745, with *Cutter v. State*, 275 Ga. App. 888, 890-891 (2) (622 SE2d 96) (2005).