**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 29, 2026**

# In the Court of Appeals of Georgia

A26A0058. THE STATE v. STANSELL.

DOYLE, Presiding Judge.

Following Jonathan Lynn Stansell's non-negotiated guilty plea to several burglary and theft offenses alleged in three indictments, the State appeals from the sentences imposed by the Superior Court of Floyd County. The State challenges the sentencing orders' direction to the correctional custodian regarding credit for time served in custody, specifically with respect to the date from which credit is to be calculated. Because the trial court overstepped its authority and misdirected the correctional custodian, we vacate and remand with direction.

The questions presented are issues of law, which we review de novo. See *Forrest v. State*, 374 Ga. App. 118, 119 (911 SE2d 482) (2025). As relevant background, OCGA § 17-10-11(a) provides:

> Except as provided in subsection (b) [which is not at issue here], upon conviction for an offense, *a person shall be given full credit for each day spent in confinement in any penal institution or facility ... including: (1) [p]retrial confinement, for any reason,[1] since the date of arrest for the offense which is the subject of the sentence*[.]

(Emphasis added.)

The record reflects that in March 2025, Stansell was accused in three separate indictments of committing several offenses of theft and burglary in Floyd County ("Floyd County Offenses"). Those offenses were alleged to have occurred in March, May, and August of 2021. At the time police were investigating these offenses,

---

[1] Prior to an amendment effective on January 1, 2021, this Code section gave credit "for each day spent in confinement awaiting trial and for each day spent in confinement, in connection with and resulting from a court order entered in the criminal proceedings for which sentence was imposed." OCGA § 17-10-11(a) (2018). See Ga. L. 2020 at 361.

Stansell was identified as a suspect and located in Bartow County[2] jail for unrelated offenses.

In January 2022, police met with Stansell while he was in custody, Mirandized him,[3] and interviewed him; Stansell admitted to his involvement in the Floyd County Offenses. Based in part on that information, police in Floyd County obtained warrants for Stansell's arrest around July 2022, but the warrants were not executed at that time, and Stansell remained in the custody of the Department of Corrections (the "DOC") for the unrelated offenses. The Floyd County arrest warrants were eventually executed on January 12, 2025 (apparently after Stansell had completed his sentence on the unrelated offenses), at which time Stansell was arrested and placed into custody on the Floyd County Offenses.

Plea negotiations ensued, and Stansell asserted that any sentence should be imposed with credit for time served since his initial confession to police in January 2022, or at least in relation to the July 2022 swearing of the Floyd County warrant.

---

[2] There is a discrepancy in the record as to which county, either Gordon County or Bartow County, but the discrepancy does not bear on the issues presented in this appeal.

[3] See *Miranda v. Arizona*, 384 US 436 (1966).

The State argued that because he had not been arrested on these offenses until January 2025, his credit should reach back only to that custodial period. Stansell entered a non-negotiated plea, and after hearings on the matter, the trial court agreed with Stansell, reasoning that it was unfair to him that the State had delayed executing the warrants for three years while he was in unrelated custody.[4] Accordingly, it sentenced him to four years of incarceration and four years of probation, with credit for time served since January 26, 2022, i.e., the time when Stansell initially met with Floyd County officers in jail and confessed to his involvement in the Floyd County Offenses. The State now appeals.

1. As a threshold matter, we address this Court's jurisdiction. "[T]he State may not appeal any issue in a criminal case, whether by direct or discretionary appeal, unless that issue is listed in OCGA § 5-7-1." *State v. Cash*, 302 Ga. 587, 588 (807 SE2d 405) (2017) (quotation marks omitted). The State contends that we have jurisdiction under OCGA § 5-7-1(a)(6), which provides that the State may appeal "[f]rom an order, decision, or judgment of a court where the court does not have jurisdiction *or the order is otherwise void* under the Constitution or laws of this state[.]"

---

[4] The trial court credited Stansell's representations that during this timeframe, he had requested to be produced for prosecution and to plead guilty.

(Emphasis added.) Thus, while it is undisputed that the superior court had jurisdiction to sentence Stansell, the State challenges the disposition itself as void.

"A sentence is void if the court imposes punishment that the law does not allow.[5] When the sentence imposed falls within the statutory range of punishment, the sentence is not void. So long as the sentence imposed is within the statutory limits, we will not disturb it." *State v. Boddie*, 374 Ga. App. 725, 728 (913 SE2d 860) (2025) (quotation marks omitted).

It is undisputed that the eight-year sentence itself is within the statutory range for the offenses,[6] but the State argues that the trial court exceeded its authority — and thus entered a void order — with respect to the credit for time served.

OCGA § 17-10-12(a) and (b) provide:

(a)The custodian of the defendant shall be required to make an affidavit specifying the number of days which the defendant has spent in

---

[5] Presumably, a "punishment the law does not allow" means more than just a legal error, but Georgia courts "have not explicitly identified what principle or principles of law distinguish erroneous-but-valid orders from erroneous orders that are 'void and of no legal effect.'" *In the Interest of A. H.*, 317 Ga. 31, 32(2) (891 SE2d 785) (2023).

[6] See generally OCGA § 16-7-1(b) (establishing a burglary sentencing range of 1 to 20 years).

confinement in his custody and furnish the affidavit to the clerk of the court within five days after sentence is imposed if the defendant is convicted. The affidavit of the custodian of the defendant shall be made a part of the official record of the trial.

(b)The clerk of the court shall transmit a copy of the custodian's affidavit to the [DOC] when the defendant has been sentenced to the custody of the department. *The Department of Corrections shall give the defendant credit for the number of days spent in confinement prior to conviction and sentence*, as reflected in the custodian's affidavit, before forwarding the record to the State Board of Pardons and Paroles.

(Emphasis added.)

In light of this scheme, and the language emphasized above in particular, this Court has explained that "[a] trial judge has no authority to interfere with the administrative duties of the correctional custodians and the DOC to determine and award credit for time served." *Cochran v. State*, 315 Ga. App. 488, 490 (727 SE2d 125) (2012).

The amount of credit for time served is to be computed by the sentence custodian, not the trial court, and a defendant aggrieved by such calculations generally must seek relief against the [DOC]. However, to the extent the trial court oversteps its authority and misdirects the correctional custodian as to the amount of credit for time served, the

6

> appropriate remedy is [for this Court] to remand the case to remove the offending time computation language from the order.

*Forrest*, 374 Ga. App. at 119 (punctuation omitted) (quoting *Kellum v. State*, 367 Ga. App. 742, 744–45(2) (888 SE2d 315) (2023)).

Thus, the State's challenge does not implicate a mere legal error. Rather, it alleges an unauthorized judicial overreach outside the trial court's statutory authority to impose the sentence. Accordingly, we conclude that the State's appeal in this case falls within its authority to appeal a void order under OCGA § 5-7-1(a)(6). See generally *State v. Hanna*, 305 Ga. 100, 102(1), 104(2) (823 SE2d 785) (2019) (holding that the State was authorized to appeal because the defendant was sentenced for a crime of which she was not convicted, resulting in a void sentence). Compare *State v. Scott*, 370 Ga. App. 40, 42–43 (894 SE2d 512) (2023) (dismissing an appeal by the State of a sentence that did not comport with the State's negotiated plea, which error could be waived and therefore was not void).

2. Consistent with this conclusion, we agree with the merits of the State's argument, based on the record before us.

Here, as noted above, OCGA § 17-10-11(a)(1) affords credit for time served in "pretrial confinement, for any reason, *since the date of arrest for the offense which is the subject of the sentence*[.]" (Emphasis added.) It is undisputed that Stansell was not actually arrested for the offenses that are the subject of this sentence until January 12, 2025. Despite the trial court's reasonable observations about the fairness of not crediting Stansell for the approximately three years that elapsed (while he was in custody) before the 2022 warrant was executed in 2025,[7] the controlling statutory language did not authorize the trial court to direct the custodian to depart from a calculation based on "the date of the arrest for the offense" at issue in this case. OCGA § 17-10-11(a). The trial court itself seemed to recognize this when it observed in the sentencing hearing, "it's up to the Department of Corrections to determine

---

[7] See, e.g., *Forrest*, 374 Ga. App. at 119 ("Forrest was entitled to full credit for each day spent in confinement since the date of arrest, including any time served in DeKalb County [on an unrelated charge], for the Fulton County ... charge [at issue in the present case]."). Compare *Scott v. State*, 315 Ga. App. 786, 787(2) (727 SE2d 518) (2012) (applying prior version of OCGA § 17-10-11 and holding that "because Scott would have been confined in [another county] on the unrelated charges during the time period at issue regardless whether he had been charged with the [crimes in this case], OCGA § 17-10-11 (a) does not apply to that period, and Scott was not entitled to the statutory credit to his sentence"). Further, this is not a case where Stansell was at large or could not be located. Instead, it appears that he was not arrested simply because, at the time, the State "did not have the ability to serve warrants electronically through the DOC. ... We do now."

whether or not they want to honor that. ... [T]hey may not." Accordingly, "we vacate the portion of the judgment regarding credit for time served and remand the case for the trial court to strike that portion of the order." *Forrest*, 374 Ga. App. at 119.

*Judgment vacated in part and case remanded with direction. Davis, J., and Senior Judge C. Andrew Fuller concur.*